THE STATE OF OHIO, APPELLANT, *v.*
DEFIORE ET AL., APPELLEES.

(Nos. C-780163, C-780164, C-780165, C-780166 and C-780167
—Decided April 11, 1979.)

*Mr. Simon L. Leis, Jr., Mr. Thomas P. Longano, Mr. William E. Breyer* and *Mr. Merlyn D. Shiverdecker,* for appellant.

*Mr. Robert K. Sachs,* for appellee Peter DeFiore.

*Mr. Eugene D. Smith,* for appellees Johnny Smith, Lucy Green and Kathy George.

*Per Curiam.* Defendants were charged, by various indictments, with promoting prostitution (R. C. 2907.22) on the basis of evidence contained in several notebooks seized by police during a search of defendant George's apartment. All defendants filed motions to suppress the evidence, and at the consolidated hearing thereon evidence was adduced that defendant DeFiore was, at the time of the seizure, being investigated on suspicion of illegal gambling activities, and in the course of this investigation police had obtained a warrant to conduct a daytime search of the George apartment for gambling paraphernalia. In execution of this warrant, police proceeded to the apartment at about 1:30 p.m., and an officer knocked on the door and announced, "Police officer. Search warrant." Whether or not the occupants were then inside was not known to the officers, but no one answered the knock and no sound was heard from within. The officers waited for from ten to thirty seconds, then employed a battering ram to gain access to the apartment. They found DeFiore seated on the living room floor, surrounded by papers, and George and an unidentified woman in the kitchen. The ensuing search disclosed the sought-after gambling paraphernalia as well as the evidence whose admissibility is at issue here.

The trial court sustained the motions to suppress on the ground that under the Fourth Amendment and R. C. 2935.12 the search warrant was unreasonably executed. This appeal by the state followed, challenging this ruling in the sole assignment of error and arguing that:

"There is no violation of Fourth and Fourteenth Amendment rights where police, in executing a search warrant, comply with the spirit of Section 2935.12 Revised Code."

R. C. 2935.12 provides in pertinent part:

"When***executing***a search warrant, the officer****may break down an outer or inner door* or window of a dwelling house or other building, *if, after notice of his intention to make***such search, he is refused admittance***.*" (Emphasis added.)

The defendants argued successfully below that inasmuch as police officers broke into the George apartment without first having been refused admittance, the forced entry was illegal under the cited statute, and evidence discovered as a result of the illegality was therefore inadmissible. The state

contends that although the statute on its face contains no exception to the requirement of refusal before forced entry is permissible, it has been judicially construed to excuse police from compliance in searches where "exigent circumstances"[1] render strict adherence impracticable. The state cites *Ker* v. *California* (1963), 374 U.S. 23, in which the United States Supreme Court held that where exigent circumstances exist, a forced entry, sanctioned by state law, does not constitute an unreasonable search under the Fourth Amendment, even though the entry is not preceded by an announcement of the officer's authority and purpose. The state, further, cites *State* v. *Horton,* unreported, No. C-76342, First Appellate District, decided August 10, 1977, in which three members of this court held that the common law exigent circumstances exception recognized in *Ker, supra,* formed a similar limitation on the requirements of R. C. 2935.12. The officers conducting the search in the instant case testified at the hearing on the motions to suppress the gambling paraphernalia, the target of the search warrant, that such material could quickly and easily be destroyed, and that based on their experience they believed that this evidence would be destroyed if they did not enter the apartment with all deliberate speed. Based on this testimony, the state alleged the presence of exigent circumstances which justified the forcible entry in the absence of full compliance with the statute.

The trial court followed *Horton, supra,* and found that the presence of exigent circumstances in a particular case would permit officers to deviate from strict compliance with R. C. 2935.12 in executing a search warrant. It declined, however, to adopt a blanket exception to the statute in gambling cases, as urged by the state, on the basis of current New York practice,[2] noting *Horton's* admonition that that court had no "intention of suggesting a carte blanche approval for the disregard of the requirements of §2935.12." On the evidence before it, the trial court found that there were no exigent circum-

---

[1] "Exigent circumstances" include situations where officers believe that evidence can and will be destroyed on short notice, or where an announcement of purpose and authority would place an officer in peril. In such situations compliance with the statute would be a useless or unreasonable gesture. *State* v. *Horton, infra.*

[2] See *People* v. *DeLago* (1965), 16 N.Y. 2d 289, 213 N. E. 2d 659, *certiorari denied* (1966), 383 U.S. 963.

stances present and that the search was therefore unreasonable under the Fourth Amendment and the statute, and that the notebooks seized as a result of the illegal search had to be suppressed. We agree.

Our disposition of the issue posed by this appeal is guided by *State* v. *Thomas,* unreported, First Appellate District, Nos. C-77650 and C-77651, decided September 13, 1978, in which we held:

"Regardless of the wording of any state statute or common law exceptions thereto, the sole measure of the legality of any search is whether it is 'reasonable' under the [Fourth and] Fourteenth Amendment.***A state statute may govern the procedure to be used in the execution of a search warrant, but the final determination of whether a particular search is constitutional must be made on the basis of Fourteenth Amendment guarantees.***The United States Supreme Court has stated that the reasonableness of a search 'is in the first instance a substantive determination to be made by the trial court from the facts and circumstances of the case.'***It is, therefore, unnecessary to consider separately whether there has been compliance with R. C. 2935.12 before reaching the question of exigent circumstances. Accordingly, a trial court need only address itself to the single question of whether, in the light of surrounding facts and circumstances, the police conducted themselves reasonably." (Citations omitted.)

At the outset, we hold that the trial court correctly read *Horton, supra,* in declining to adopt a blanket exception to the knock and announce rule codified in R. C. 2935.12, based on the type of crime under investigation, as, for instance, in all narcotics or all gambling cases. It may well be true that police officers have learned that certain items of gambling evidence are as quickly and easily destroyed as, say, small quantities of narcotics, but this experience, standing alone, does not, we conclude, sustain a reasonable belief that all such evidence of illegal gambling will, unless a surprise is effected, be destroyed in a particular case. It is one thing to flush heroin down a toilet and quite another to make a roulette wheel or gaming table disappear in a second or two. A reasonable apprehension of the existence of illegal gambling activities does not, without more, give rise to a sufficient warranty of an exigent circumstance which will validate an otherwise unreasonable

search or seizure. Rather, a case-by-case analysis is required to determine whether, considering the *particular* facts and circumstances, the execution of a search warrant was reasonable under the Fourth Amendment. *Thomas* and *Horton, supra. See also State* v. *Mendoza* (1969), 104 Ariz. 395, 454 P. 2d 140; *People* v. *Gastelo* (1967), 67 Cal. 2d 586, 432 P. 2d 706.

Turning, then, to an analysis of the particular facts and circumstances here, the trial court found that, although the officers did knock and announce their authority and purpose, not enough time elapsed before they broke into the apartment to permit them to infer that their admittance was refused.[3] A sufficient factual fundament for this conclusion existing in the record, we are unable to disturb that finding. This being the case, it then became incumbent on the state to show exigent circumstances justifying the forcible entry. However, a review of the record reveals that it is devoid of any evidence which could establish this justification.

Neither the testimony of the officers nor the search warrant with its supporting affidavit contains facts or circumstances upon which a reasonable belief could be founded that suspected occupants of the apartment would be armed or dangerous, an exigent circumstance which justified an unannounced forcible entry in *Horton, supra.* Nor was there any factual basis adduced for the officers' stated concern that evidence would be destroyed in this particular case if their entry was delayed. On the other hand, one of the officers who executed the search warrant testified that nothing was heard from inside the apartment before the door was broken down which otherwise arguably could have indicated that the occupants were trying to destroy evidence or flee, and he stated that he had no idea whether or not anyone was even inside.

Coming, then, to the dispositive question of Fourth Amendment reasonableness, *Thomas, supra,* we conclude that there is no basis in the record or in law to disturb the determination of the trial court that the manner in which this search warrant was executed was unreasonable, and, as a consequence, that evidence seized as a result thereof should be sup-

---

[3] See *State* v. *Alford,* unreported, First Appellate District, No. C-72457, decided May 21, 1973, where this court held that a refusal of entry, though not verbal or physical, could be inferred where, *e.g.,* repeated knocking and announcements generates no response from within.

pressed. *Mapp* v. *Ohio* (1961), 367 U.S. 643. The assignment of error is overruled.

*Judgment affirmed.*

PALMER, P. J., BETTMAN and BLACK, JJ., concur.