OPINION
Roosevelt Allen appeals from his conviction of possession of cocaine pursuant to his no contest plea. Allen argues in his sole assignment of error that the trial court erred in not suppressing cocaine recovered from him when police executed a search warrant at the apartment of his girlfriend. Allen argues that the evidence should have been suppressed because police failed to properly "knock and announce" before they entered the apartment as required by R.C. 2935.12.
On January 13, 2000, at 10:15 p.m. Dayton police officers executed a search warrant looking for drugs at 323 Alliance Place in a housing development in the City of Dayton. The location is a small apartment in a large low income housing authority.
Ten to fifteen minutes before the officers executed the warrant, a confidential informant purchased a baggie of cocaine from a male suspect inside the apartment. Officer Stephen Bergman testified he and three other officers then executed the search warrant. Bergman said Lieutenant Robert Chabali announced their identity and purpose by use of a bull horn at the kitchen door of the apartment. Bergman said another strike force police officer knocked on the apartment door at the same time. Bergman said no one responded inside the apartment and after ten seconds elapsed the officers breached the apartment by ramming the door in.
Bergman testified that as he entered the apartment he observed the defendant run from the kitchen into the living room and dive over a couch. Bergman said he heard the defendant drop a metallic object behind the couch. Bergman said Officer Tim Braun recovered a gun from behind the couch. Bergman said Officer Harold Perry searched the defendant and recovered the crack cocaine which is the basis of this prosecution.
Officer Perry testified at the hearing and corroborated Officer Bergman's testimony. He testified he thought they entered the apartment 5-10 seconds after knocking and announcing their purpose.
The defendant's girlfriend, Kina Paschal testified she was home with her two small children and the defendant and his cousin when the police stormed into her apartment. Ms. Paschal said she heard glass breaking and everyone jumped up and she grabbed her daughter. She said she saw the police kick the door in and then run in and grab her boyfriend, Roosevelt Allen. She said an officer pointed a gun at her head as she begged for permission to get her 1 year old son in her arms. She said she was then arrested on an outstanding warrant.
In overruling the suppression motion, the trial court found that the officers waited "between five to ten seconds before breaking down the door." The trial court found that exigent circumstances existed which excused strict compliance with R.C. 2935.12. The court noted that a drug buy was made within 15 minutes of the execution of the search warrant which sought drugs which could easily be secreted.
R.C. 2935.12 provides:
 When making an arrest or executing an arrest warrant or summons in lieu of an arrest warrant, or when executing a search warrant, the peace officer, law enforcement officer, or other authorized individual making the arrest or executing the warrant or summons may break down an outer or inner door or window of a dwelling house or other building, if, after notice of his intention to make the arrest or to execute the warrant or summons, he is refused admittance, but the law enforcement officer or other authorized individual executing a search warrant shall not enter a house or building not described in the warrant. (Emphasis ours).
The common law knock and announce principle forms part of the Fourth Amendment reasonableness inquiry. Wilson v. Arkansas (1995), 514 U.S. 927. The Supreme Court observed that the common law recognized that individuals should be provided the opportunity to comply with the law and to avoid the destruction of property occasioned by a forcible entry. The court noted that these interests are not inconsequential. 514 U.S. 927,930-932.
In State v. Roper (1985), 27 Ohio App.3d 212, the Court of Appeals for Summit County discussed a situation wherein the officers broke into the dwelling in question within five seconds of their announcement that they were police officers with a search warrant. The Court of Appeals discussed R.C. 2935.12 in the context of the evidence of record as follows:
 All agree that, assuming there was a knock and announcement, no response came from inside the house and the officers broke in within five seconds of their announcement. While R.C. 2935.12 does require that a refusal be received before the officers may break in, the requirements need not be strictly followed if exigent circumstances exist which require otherwise. State v. DeFiore (1979), 64 Ohio App.2d 115
[18 O.O.3d 90]. If it appears that the evidence sought can and will be destroyed on short notice, or that compliance could place the officers in peril of great bodily harm, then the officers may deviate from strict compliance with R.C. 2935.12. DeFiore, supra; State v. Hockman
(May 2, 1984), Summit App. No. 11519, unreported. As Lt. Lower's affidavit and testimony at the hearing show, heroin is easily disposed of at a moment's notice by flushing it down the toilet. To require that the officers wait a longer period of time or for an express denial of entry would afford more than enough time for the persons inside the suspect house to dispose of any heroin present. The officers therefore acted properly under the exigent circumstances in not waiting any longer than they did to break into the Ropers' house. Pgs. 213-14.
In State v. Taylor (1999), 135 Ohio App.3d 182, the Clermont County Court of Appeals held that the "knock and announce" requirement was not met when police in executing a search warrant looking for drugs knocked on the suspects' door and forcibly entered the residence after pausing three or four seconds. The court held that absent exigent circumstances three to four seconds was not a reasonable opportunity for the residents to open the door of their own volition.
Recently, we upheld the trial court's determination that exigent circumstances excused the police from strict compliance with R.C. 2935.12
which literally requires a refusal of admittance before force may be used to enter a dwelling. State v. Boyd (May 21, 1993), Montgomery App. No. 13425, unreported. In Boyd, the trial court found that the police waited ten to fifteen seconds before breaking into the dwelling, and that the officers "suspected the possibility that evidence was being destroyed." There was testimony presented that just before police forced open the door, one of the officers yelled that someone ran across the top stairs.
In United State v. Spikes (6th Cir. 1998), 158 F.3d 913, the federal court of appeals held that a forced entry four seconds after a knock on the door was reasonable where police announced their presence with a bullhorn prior to knocking on the door. In that case, the police were warned that the house was the residence of drug traffickers who had taken measures to defend themselves and their drugs including the presence of guns and armed guards on the premises.
When considering a motion to suppress, the trial court assumes the role of the trier of fact and, as such, is in the best position to resolve questions of fact and evaluate the credibility of the witnesses. Statev. Retherford (1994), 93 Ohio App.3d 586, 592. Accordingly, upon review of the decision on a motion to suppress, this Court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence, thereby "giv[ing] due weight to inferences drawn from those facts" by the trial court. State v. Deters (1998),128 Ohio App.3d 329, 333-334, citing Ornelas v. United States (1996),517 U.S. 690. Accepting those facts as true, this Court must then independently determine as a matter of law, without deference to the trial court's conclusion, whether the facts meet the applicable legal standard. Deters at 334.
While the trial court's decision is not entirely clear, it appears the trial court accepted Deputy Perry's testimony that the police forced entry into the apartment between 5-10 seconds after they announced their identity and purpose by use of the bullhorn and knocked on the apartment door. Whether the police have complied with the knock and announce requirements depends on the facts and circumstances of each case. Here the police knew that an informant had just purchased cocaine from an occupant of the apartment within 15-30 minutes of their executing the search warrant. It was 10:15 p.m. so it was likely the residents of the apartment were not in bed. The residence was a small apartment so that the occupant or occupants could be expected to respond to open the apartment door rather quickly. The police used a bullhorn and knocked so it is likely the occupants knew of the presence of the police and their purpose. There was also the likelihood that drugs could be flushed down a toilet if police delayed their entry into the apartment. See, State v.DeFiore (1979), 64 Ohio App.2d 115.
Although we believe that this is a very close case, we believe the police officers in this case gave the occupants of the apartment a reasonable opportunity to open the apartment door and their failure to do so was a constructive refusal under R.C. 2935.12. The appellant's assignment of error is overruled.
The judgment of the trial court is Affirmed.
FAIN, J., and GRADY, J., concur.