DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Huron County Court of Common Pleas that granted the motion to suppress filed by appellee Thomas Martin. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant state of Ohio sets forth the following sole assignment of error:
 "I. IT WAS ERROR FOR THE TRIAL COURT TO FIND NO EXIGENT CIRCUMSTANCES FOR DISPENSING WITH KNOCK AND ANNOUNCE REQUIREMENTS."
The facts that are relevant to the issues raised on appeal are as follows. On February 9, 2001, a search warrant was issued authorizing the search of a motel room which appellee was believed to occupy. The warrant was executed that same day and as a result, sheriff's deputies confiscated suspected drugs, cash and other miscellaneous items. On February 12, 2001, appellee was charged with one count of trafficking in drugs in violation of R.C. 2925.03(A) and (C)(4)(d). On May 10, 2001, appellee filed a motion to suppress the evidence seized at the time of his arrest. Following a hearing, the trial court granted the motion. Pursuant to Crim.R. 12(K), the state filed this appeal from the trial court's decision.
In its sole assignment of error, the state asserts that the trial court erred by finding that there were no exigent circumstances to support the deputies' dispensing with the "knock and announce" requirements of R.C.2935.12 and entering the motel room without waiting after announcing their presence. At the suppression hearing, Huron County Sheriff's Detective Robert McLaughlin testified that he and another officer went to the motel at 11:55 a.m. While they had the room under surveillance, one man exited and was immediately taken into custody, under the mistaken belief that he was appellee. Detective McLaughlin testified that while the other officer detained the first man, he knocked and announced "Sheriff's Office, search warrant," used the master key he had been given by the manager, and immediately went in. The detective stated that he did not hear a response from appellee and did not wait for one. He further testified that with the unexpected appearance of the other man from the room, "everything changed," because the suspect was no longer alone as they had thought. He stated that after he saw the first man leave the room, he was not sure what was on the other side of the door.
When reviewing a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of a witness. State v. Smith
(1997), 80 Ohio St.3d 89, 105; State v. Fanning (1982), 1 Ohio St.3d 19,20. This court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Davis
(1999), 133 Ohio App.3d 114, 117. Applying those facts, we must then independently determine as a matter of law whether the facts meet the appropriate legal standard. State v. Klein (1991), 73 Ohio App.3d 486,488.
R.C. 2935.12 provides, in material part:
 "(A) When making an arrest or * * * when executing a search warrant, the peace officer, law enforcement officer, or other authorized individual making the arrest or executing the warrant * * * may break down an outer or inner door or window of a dwelling house or other building, if, after notice of his intention to make the arrest or to execute the warrant * * *, he is refused admittance, * * *."
The statute requires that the officer be either patently or constructively refused entry into a dwelling before forcing entry. Statev. Roper (1985), 27 Ohio App.3d 212, 214. However, it has been held that if it appears that the evidence sought in the warrant might be destroyed on short notice, strict compliance is not required. State v. DeFiore
(1979), 64 Ohio App.2d 115, 117. In this case there is no evidence that the officers were refused entry. In fact, Detective McLaughlin testified that he did not wait for a response after he knocked and "wasn't going to wait anyway." Further, the state did not present any evidence that exigent circumstances existed to justify a forced entry, such as a reasonable belief that the occupants of the room were armed and dangerous or that evidence would be destroyed if entry was delayed. See DeFiore,supra; State v. Dixon (2001), 141 Ohio App.3d 654.
Based on the foregoing, this court finds that the trial court did not err by granting appellee's motion to suppress and appellant's sole assignment of error is found not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Huron County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., and Richard W.Knepper, J. concur.