[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Subsequent to the trial court's denial of his motion to suppress, defendant-appellant Daniel Reliford pleaded no contest to trafficking in cocaine in violation of R.C. 2925.03(A)(2) and possession of cocaine in violation of R.C. 2925.11(A), both second-degree felonies. Reliford was sentenced as of record.
In a single assignment of error, Reliford challenges the denial of his motion to suppress evidence seized from his girlfriend's apartment, where he had been residing. First, Reliford maintains that statements concerning his identity in the affidavit for a search warrant were made with reckless disregard for their truth so as to require the suppression of the evidence that was discovered during the search.[1] Reliford alleges that the police officers' detainment of Virgil Walker, a man they suspected was Reliford, prior to executing the search warrant demonstrated that the officers could not identify Reliford as the person who had sold crack cocaine to a confidential informant. This argument is without merit.
The affidavit for the warrant identified Daniel Reliford by a control number and described him as a black male residing at 1318 Broadway, Cincinnati, Ohio. The affiant, Officer David Johnston, testified at the suppression hearing and stated in the affidavit that he had observed Reliford sell crack cocaine to a confidential informant and then reenter the apartment building at 1318 Broadway. Further, the detainment of Walker was insufficient to support an attack on the veracity of Officer Johnston's statements, because the record is silent as to whether Officer Johnston participated in detaining Walker. Even if Johnston had participated in detaining Walker, the record reveals that the officers' mistake was reasonable under the circumstances. Walker was seen entering Reliford's apartment building with a dog that was known to belong to Reliford. Walker testified that he had recently purchased the dog from Reliford. Based on these circumstances, the court properly found that the search warrant was valid.
Second, Reliford asserts that the police officers executing the search warrant violated the "knock and announce rule."[2] Both Reliford and his girlfriend, Lakisha Springs, testified at the suppression hearing that they did hear a knock at the door, but that there was no announcement that police officers were at the door with a search warrant. Officer Johnston and Officer Jeffrey Ray both testified that they did knock and say "police officer, search warrant" in loud voices. Clearly, there was conflicting testimony. At a suppression hearing, the evaluation of the evidence and the credibility of the witnesses are issues for the trier of fact.[3] Here, the trial court stated that it found the officer's testimony more credible. Based on that exercise of discretion, the court properly found that the officers knocked and announced their presence in the execution of the search warrant.
Finally, Reliford argues that even if the officers did announce their presence, they also violated the knock- and-announce rule by waiting an insufficient amount of time for a response before forcibly entering Springs's apartment. The record supports a finding that the officers waited between five and ten seconds for a response before breaking down the door with a battering ram.
Whether police officers have paused long enough before entering a residence depends upon the circumstances of each case.[4] Here, the officers were expecting to find illegal drugs that could easily be disposed of or destroyed prior to the officers' search of the residence. Further, both officers testified at the suppression hearing that they had heard voices and movement coming from within the apartment after they had knocked and announced their presence. Based upon these exigent circumstances, the court properly held that waiting five to ten seconds before forcibly entering the apartment was reasonable.[5] Accordingly, the single assignment of error is overruled and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J. Sundermann and Winkler, JJ.
[1] See Franks v. Delaware (1978), 438 U.S. 154, 98 S.Ct. 2674.
[2] See R.C. 2935.12; see Wilson v. Arkansas (1995), 514 U.S. 927,115 S.Ct. 1914 (holding that the Fourth Amendment incorporates the common-law rule of "knocking and announcing" before entering a private residence to execute a search warrant).
[3] See State v. Mills (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972, citing State v. Fanning (1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583.
[4] State v. Dixon, 141 Ohio App.3d 654, 2001-Ohio-2120,752 N.E.2d 1005.
[5] See State v. Allen, , 2nd Dist. App. No. 18788; 2002-Ohio-263;State v. DeFiore (1979), 64 Ohio App.2d 115, 411 N.E.2d 837.