This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Lloyd A. Roberts has appealed from an order of the Summit County Court of Common Pleas that denied his motion to suppress evidence. This Court affirms.
 I.
{¶ 2} In January 2002, Appellant was indicted on one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(1). Appellant entered a plea of not guilty, and filed a motion to suppress evidence seized as the result of a warrantless entry and search of his home by police. The trial court held a hearing on the motion to suppress, and subsequently journalized an order denying Appellant's motion. Appellant thereafter entered a plea of no contest to the charge of trafficking in cocaine. The trial court found Appellant guilty and sentenced him to three years imprisonment. Appellant has timely appealed, asserting one assignment of error.
 II. Assignment of Error
{¶ 3} "THE TRIAL COURT ERRED IN DENYING [APPELLANT'S] MOTION TO SUPPRESS EVIDENCE OBTAINED THROUGH AN UNLAWFUL ENTRY AND SEARCH OF [APPELLANT'S] RESIDENCE."
{¶ 4} In his sole assignment of error, Appellant has argued that the trial court erred in denying his motion to suppress the evidence seized during the warrantless entry and search of his home. Appellant has contended that there were no exigent circumstances such as would justify the officers' intrusion into the home without a warrant, without Appellant's consent, and in violation of the "knock and announce" rule codified at R.C. 2935.12.
{¶ 5} An appellate court's review of a trial court's ruling on a motion to suppress evidence presents a mixed question of law and fact.State v. Long (1998), 127 Ohio App.3d 328, 332. In a hearing on a motion to suppress, "the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v. Hopfer, 112 Ohio App.3d 521, 548, appeal not allowed (1996), 77 Ohio St.3d 1488, quoting State v. Venham
(1994), 96 Ohio App.3d 649, 653. Accordingly, we accept the trial court's findings of fact if they are supported by competent, credible evidence.State v. Guysinger (1993), 86 Ohio App.3d 592, 594. "The trial court's legal conclusions, however, are afforded no deference, but are reviewedde novo." State v. Russell (1998), 127 Ohio App.3d 414, 416, citingOrnelas v. United States (1996), 517 U.S. 690, 116 S.Ct. 1657,134 L.Ed.2d 911.
{¶ 6} In its order denying Appellant's motion, the trial court found that Keith Gowens of the Summit County Sheriff's Office and several other narcotics detectives were working with a confidential informant to set up a drug buy. During the course of their preparations, the informant began receiving pages from Appellant, who was known to the informant as "Chicago." The informant told the detectives that in prior conversations he had arranged to purchase cocaine from Appellant. After the informant continued to receive the pages, detectives told the informant to call Appellant. Appellant and the informant then made arrangements over the telephone to meet at an address on Neiman Street, where the informant would purchase cocaine from Appellant.
{¶ 7} The informant was equipped with a body transmitter and thirty-five hundred dollars in photocopied currency, and an undercover officer drove the informant to the Nieman Street address. The informant entered the residence and purchased four and one-half ounces of cocaine from Appellant, as detectives monitored the transaction via the informant's body transmitter. The informant then exited the residence and turned over the cocaine to the undercover officer.
{¶ 8} After debriefing the informant, the detectives and officers approached the residence to arrest Appellant. As they ascended the front steps to the home, Appellant opened the door. Upon seeing the detectives and officers, however, Appellant attempted to slam the door shut and flee into the dwelling. Police then entered the residence and apprehended Appellant, placed him under arrest, and conducted a brief sweep of the house to make sure there were no other occupants in the home.
{¶ 9} Inside the home, officers and detectives observed suitcases behind a love seat. In response to the detectives' inquiry, Appellant claimed that the suitcases belonged to him and consented to a search of them by the officers. During the search of the suitcases, police recovered the buy money tendered by the informant in exchange for the cocaine.
{¶ 10} The trial court then determined that exigent circumstances justified the officers' warrantless entry of the home. Specifically, the court concluded that the evidence of the cocaine purchase — drugs and the buy money — could easily be removed or destroyed. Based on its finding of exigent circumstances, the court found that the warrantless entry of the home was lawful, and once police were inside the home Appellant freely and voluntarily consented to a search of the suitcases.
{¶ 11} After thoroughly reviewing the record, we find that the trial court's factual findings are supported by competent, credible evidence. Detective Gowens was the sole witness at the hearing on the motion to suppress, and his description of the drug buy and Appellant's subsequent arrest supports the trial court's detailed findings.
{¶ 12} The Fourth Amendment to the Unites Stated Constitution, as applied to the states through the Fourteenth Amendment, prohibits unreasonable searches and seizures. Section 14, Article I of the Ohio Constitution contains language nearly identical to that of the Fourth Amendment, and similarly prohibits unreasonable searches and seizures. See State v. Kinney (1998), 83 Ohio St.3d 85, 87, certiorari denied (1999), 526 U.S. 1007, 119 S.Ct. 1148, 143 L.Ed.2d 214. "[T]he `physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed.'" Middletown v. Flinchum (2002),95 Ohio St.3d 43, 44, quoting United States v. United States Dist. Courtfor the E. Dist. of Michigan (1972), 407 U.S. 297, 313, 92 S.Ct. 2125,32 L.Ed.2d 752. Absent exigent circumstances, a warrantless search or seizure effected in a home is per se unreasonable: "In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant." Payton v. New York (1980), 445 U.S. 573, 590,100 S.Ct. 1371, 63 L.Ed.2d 639.
{¶ 13} Following Mincey v. Arizona (1978), 437 U.S. 385,98 S.Ct. 2408, 57 L.Ed.2d 290, this Court has recognized several exceptions to the warrant requirement that justify a law enforcement officer's warrantless entry of a home. State v. Bowe (1988), 52 Ohio App.3d 112, 113-114, certiorari denied (1989), 489 U.S. 1090, 109 S.Ct. 1557,103 L.Ed.2d 860. One such exception arises when evidence of a crime could easily be removed or destroyed. Id. at 114. We have previously explained that this need for preservation of evidence may be particularly compelling where narcotics are involved. State v. Smith (Nov. 30, 1994), 9th Dist. No. 94CA005821, at 4; State v. Carroll (Nov. 30, 1994), 9th Dist. Nos. 93CA005775, 94CA005814, at 6.
{¶ 14} In the case sub judice, the trial court determined that exigent circumstances existed based on the fact that the evidence of Appellant's drug activity could be easily removed or destroyed. We agree. The destructibility of the narcotics involved, combined with the relative ease with which Appellant could have dispersed the buy money into the stream of commerce, justified immediate action by the police.[1] SeeSmith, supra at 4; Carroll, supra at 6.
{¶ 15} Having determined that exigent circumstances relieved the police of the need to obtain a warrant to enter Appellant's residence, we now turn to the reasonableness of that entry under the Fourth Amendment. Appellant has argued that the officers' intrusion into his residence violated the "knock and announce" rule because the officers failed to knock and announce their intentions prior to forcibly entering his home.
{¶ 16} Pursuant to R.C. 2935.12(A): "When making an arrest *** the *** law enforcement officer *** making the arrest *** may break down an outer or inner door *** of a dwelling house or other building, if, after notice of his intention to make the arrest *** he is refused admittance[.]" "[W]hether law enforcement officers properly complied with the knock-and-announce procedures forms part of the reasonableness inquiry under the Fourth Amendment." State v. Dixon (2001),141 Ohio App.3d 654, 659-660, citing Wilson v. Arkansas (1995),514 U.S. 927, 115 S.Ct. 1914, 131 L.Ed.2d 976.
{¶ 17} The sufficiency of an officer's pause after announcing his presence and before admitting himself into a home depends on the specific facts and circumstances of each case. Dixon, 141 Ohio App.3d at 660. This Court has previously stated that the knock and announce requirements of R.C. 2935.12 need not be strictly followed if exigent circumstances exist that require otherwise: "If it appears that the evidence sought can and will be destroyed on short notice, or that compliance could place the officers in peril of great bodily harm, then the officers may deviate from strict compliance with R.C. 2935.12." State v. Roper (1985),27 Ohio App.3d 212, 213.
{¶ 18} In the case at bar, Officer Gowens testified that Appellant opened the door to his residence and saw the police ascending the front steps of his home with a ram. The officer explained: "He observed us coming, he attempted to slam the door shut and flee into the residence at which time we went just right on in and were able to take him into custody right into the living room." From the officer's testimony, it is clear that Appellant was aware that police were approaching his front door with the intent to enter the premises. Appellant's attempt to slam the door and retreat into the home manifested his intent to not allow the police inside. Under these circumstances, the officers' failure to knock and announce their presence did not deprive Appellant of notice of the officers' presence or an opportunity to allow them to enter peaceably. Rather, any delay by the officers would only have permitted Appellant time to secure a weapon to resist the officers' entrance, to conceal or destroy evidence, or to flee from the house. In light of these exigent circumstances, strict compliance with R.C. 2935.12 was not required, and the officers' failure to knock and announce their presence before entering the residence did not violate Appellant's Fourth Amendment rights.
{¶ 19} The trial court determined that, once the officers were inside the home, Appellant freely and voluntarily consented to a search of his suitcases. Appellant has not challenged this determination on appeal, and we therefore will not engage in further analysis with respect to the search. As the warrantless entry and apprehension of Appellant was constitutionally permissible, and Appellant thereafter freely and voluntarily consented to a search of his suitcases, the assignment of error must fail.
 III.
{¶ 20} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
SLABY, P.J. and CARR, J. CONCUR.
[1] It is axiomatic that a search or seizure that is unlawful at its inception cannot be legitimized by its results. State v. Williams
(1978), 55 Ohio St.2d 82, 86, citing Byars v. United States (1927),273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520. Nevertheless, the fact that Appellant had already packed the money used to purchase the cocaine into suitcases by the time the officers entered the residence illustrates the need for law enforcement officers to act swiftly in narcotics cases to prevent the dissipation and loss of evidence.