OPINION
{¶ 1} Appellant, State of Ohio ("State"), appeals the May 10, 2004 judgment entry of the Common Pleas Court of Seneca County granting Lolita Noethtich's ("Noethtich") motion to suppress. Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} On March 13, 2003, Detective Clark of the Fostoria Police Department requested the issuance of a search warrant for the residence of Andre Williams, at 339 West North Street, Apartment F, in the City of Fostoria, Ohio. Andre Williams was the only name listed in the warrant affidavit. However, Noethtich was residing in the residence at the time of the execution of the warrant. A controlled purchase had been made from this residence within forty-eight hours of the warrant being requested.
 {¶ 3} The search warrant affidavit filled out by Detective Clark stated that Detective Clark believed with good cause that there was a risk of serious physical harm to law enforcement officers if they executed the warrant in compliance with the statutory precondition for non-consensual entry. The warrant was granted by the Fostoria Municipal Court on March 13, 2003. The court found probable cause to waive the statutory precondition for non-consensual entry. During the execution of the warrant, officers found crack cocaine, marijuana and currency in the residence.
 {¶ 4} Noethtich was indicted on December 30, 2003 on one count of permitting drug abuse, a felony of the fifth degree in violation of R.C. 2925.13(B). On February 12, 2004, Noethtich filed a motion to suppress the evidence obtained during execution of the search warrant alleging that there was no probable cause for the issuance of the search warrant and that police failed to knock and announce prior to the execution of the warrant. A hearing on the motion to suppress was held on March 16, 2004. On May 10, 2004, the Common Pleas Court of Seneca County found that there was probable cause for the issuance of the search warrant; however, the court found that there was no statement of facts to support Detective Clark's belief that a risk of serious physical harm existed, as required under R.C. 2935.12 and R.C.2933.231(B)(2). Therefore, the court granted Noethtich's motion to suppress. It is from this judgment that the State now appeals asserting the following two assignments of error.
The trial court erred by granting a motion to suppress underR.C. 2933.231(B)(2) because the exclusionary rule applies only toconstitutional violations, not statutory violations that do notviolate the Fourth Amendment.
 The trial court erred in granting the motion to suppressevidence when the officers acted in good faith upon the searchwarrant.
 {¶ 5} We begin by noting that appellate review of a trial court's decision on a motion to suppress evidence presents mixed questions of law and fact. State v. Dixon, 141 Ohio App.3d 654,658, 2001-Ohio-2120, 752 N.E.2d 1005. The trial court assumes the role of the trier of facts at a suppression hearing and evaluates the credibility of witnesses. Id.; State v. Norman,136 Ohio App.3d 46, 51, 1999-Ohio-961, 735 N.E.2d 953. The weight of the evidence is also primarily determined by the trier of fact.State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus, 227 N.E.2d 212. In our review, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. Norman, 136 Ohio App.3d at 52, citing State v. Brooks, 75 Ohio St.3d 148, 1996-Ohio-134,661 N.E.2d 1030. Accepting those facts as true, we independently determine as a matter of law, without giving deference to the trial court's decision, whether they meet the applicable legal standard. Dixon, 141 Ohio App.3d at 659, citing State v.Anderson (1995), 100 Ohio App.3d 688, 691, 654 N.E.2d 1034. Therefore, we review the trial court's application of the law de novo. Dixon, 141 Ohio App.3d at 659.
 {¶ 6} In the first assignment of error, the State argues that the trial court erred in granting the motion to suppress based upon the alleged statutory violation of R.C. 2933.231(B)(2). R.C.2935.12 sets forth Ohio's knock and announce rule. The statute provides:
(A) * * * when executing a search warrant, the peace officer,law enforcement officer, or other authorized individual * * *executing the warrant or summons may break down an outer or innerdoor or window of a dwelling house or other building, if, afternotice of his intention to * * * execute the warrant or summons,he is refused admittance, but the law enforcement officer orother authorized individual executing a search warrant shall notenter a house or building not described in the warrant.
 (B) The precondition for nonconsensual forcible entryestablished by division (A) of this section is subject to waiver,as it applies to the execution of a search warrant, in accordancewith section 2933.231 [2933.23.1] of the Revised Code.
R.C. 2935.12.
 {¶ 7} R.C. 2933.231 sets forth the procedure necessary for proper issuance of a warrant with a waiver of the statutory precondition for nonconsensual entry. The statute provides, in relevant part:
(B) A law enforcement officer, prosecutor, or other authorizedindividual who files an affidavit for the issuance of a searchwarrant pursuant to this chapter or Criminal Rule 41 may includein the affidavit a request that the statutory precondition fornonconsensual entry be waived in relation to the search warrant.A request for that waiver shall contain all of the following:
 (1) A statement that the affiant has good cause to believethat there is a risk of serious physical harm to the lawenforcement officers or other authorized individuals who willexecute the warrant if they are required to comply with thestatutory precondition for nonconsensual entry;
 (2) A statement setting forth the facts upon which theaffiant's belief is based, including, but not limited to, thenames of all known persons who the affiant believes pose the riskof serious physical harm to the law enforcement officers or otherauthorized individuals who will execute the warrant at theparticular dwelling house or other building;
 (3) A statement verifying the address of the dwelling house orother building proposed to be searched as the correct address inrelation to the criminal offense or other violation of lawunderlying the request for the issuance of the search warrant;
 (4) A request that, based on those facts, the judge ormagistrate waive the statutory precondition for nonconsensualentry.
R.C. 2933.231(B).
 {¶ 8} Detective Clark did request the judge reviewing the affidavit for the issuance of the search warrant to waive the statutory precondition for nonconsensual entry. However, Detective Clark did not list the names of the persons he believed posed a risk of serious physical harm to law enforcement officers. Detective Clark did include the following paragraph as justification for seeking a search in the nighttime:
The majority of drug transactions take place after 8:00 P.M.Some subjects inside the residence have previous narcotic andcrimes of violence arrests and convictions. An approach to thepremises under the cover of darkness would enhance officer safetyand minimize the possibility that evidence would be destroyedbefore officers could gain entry.
March 13, 2003 Search Warrant Affidavit of Detective Michael Clark.
 {¶ 9} Since the search warrant affidavit did not strictly comply with all the requirements of R.C. 2935.12 and R.C.2933.231(B)(2), the trial court found that the no-knock search was not valid and suppressed the evidence. However, the Ohio Supreme Court has consistently taken the position that the exclusionary rule does not apply to violations of state law which do not rise to constitutional violations, unless otherwise is specifically provided by the legislature. State v. Baker
(1993), 87 Ohio App.3d 186, 193, 621 N.E.2d 1347, citing Statev. Thompson (1987), 33 Ohio St.3d 1, 8, 514 N.E.2d 407;Kettering v. Hollen (1980), 64 Ohio St.2d 232, 234,416 N.E.2d 598. The First District Court of Appeals applied this proposition of law in State v. Childs (June 19, 1998), 1st Dist. No. C-961134, unreported, 1998 WL 321301, *4, holding that even if it were found that law enforcement officers failed to comply with R.C. 2935.12, such a violation would not render the seized evidence inadmissible.
 {¶ 10} When the requirements of a state statute regarding search warrants are not strictly complied with, the relevantFourth Amendment inquiry becomes whether the search was reasonable. Wilson v. Arkansas (1995), 514 U.S. 927,115 S.Ct. 1914, 131 L.Ed.2d 976; State v. Smith (Mar. 16, 1994), 9th Dist. No. 93CA005585, unreported, 1994 WL 78610; State v.Southers (June 8, 1992), 5th Dist. No. CA-8682, unreported, 1992 WL 127164. The Fourth and Fourteenth Amendments of the United States Constitution require searches to be reasonable in order to be valid. Forced entry by police is justified in the following circumstances: "when lawful entry into a residence has been refused or when necessary to protect the police, to prevent disposal of evidence or contraband, or to forestall escape."State v. Davies (Jan. 8, 1986), 1st Dist. Nos. C-850112, C-850113, C-850128, C-850129, unreported, 1986 WL 657, *1. The reasonableness of the circumstances will be determined on a case by case basis. Id.
 {¶ 11} In the case sub judice, the State asserts that circumstances existed that justified noncompliance with the statutory knock and announce requirement. The State argues that law enforcement officers conducted themselves reasonably under the Fourth Amendment. While Detective Clark conceded at the suppression hearing that he failed to state in his affidavit the names of the individuals that specifically posed a risk of serious physical harm to law enforcement officers, he testified that he requested a "no-knock warrant" due to the people he had seen going to the residence at 339 West North Street, Apartment F, and due to resident Andre Williams' past history of violent crime, including assault on a police officer. March 16, 2004 Motion to Suppress Hearing Transcript, p. 13. Detective Clark testified that he felt it was best for the safety of all law enforcement officers involved if the search warrant was executed without the knock and announce requirement. Detective Clark also testified that he did not know specifically which individuals would be in the residence at the time the officers executed the search warrant. Detective Clark's affidavit for the search warrant did state that some subjects seen at the residence had prior convictions for violent crimes and also expressed Detective Clark's concern regarding the possible destruction of evidence as well as officer safety.
 {¶ 12} Detective Boyer, an officer with the Tiffin Police Department, also testified at the suppression hearing. Detective Boyer participated in executing the search warrant at 339 West North Street, Apartment F. Detective Boyer testified that the execution of warrants involving drug operations is more dangerous than the execution of other warrants because weapons, specifically firearms, are typically associated with drug trafficking. March 16, 2004 Motion to Suppress Hearing Transcript, p. 23.
 {¶ 13} We note that the trial court reviewed the testimony at the suppression hearing and the original search warrant in determining that there was probable cause for the issuance of a search warrant. However, the trial court failed to determine if a no-knock search was reasonable under the circumstances, finding instead that the evidence should be suppressed based upon Detective Clark's failure to include the names of the persons believed to pose a risk of serious physical harm in his statement of facts in the original warrant request. After reviewing the record and applying the appropriate law to the facts in the case, we find that the State demonstrated the existence of circumstances that justified deviating from the mandate of R.C.2935.12. Even though the State did not strictly comply with all the technical requirements of R.C. 2933.231, the supporting facts were known to the affiant officer but were not included in the affidavit for the search warrant. Law enforcement officers acted reasonably, and therefore constitutionally, in obtaining and executing a search warrant that requested noncompliance with the statutory knock and announce requirement. Therefore, the evidence obtained during the search should not be excluded pursuant to the exclusionary rule.
 {¶ 14} We hold that the trial court erred in suppressing the evidence based solely on the officer's failure to include all the requirements of R.C. 2933.231 in his affidavit. Further, in applying the appropriate law to the facts in the case, we hold that the no-knock search was reasonable under the circumstances of this case. Accordingly, the State's first assignment of error is sustained.
 {¶ 15} Based upon our determination of the first assignment of error, we find the second assignment of error to be moot. While agreeing that this assignment of error is moot, the concurrence proceeds to suggest "that the failure of a reasonably well trained police officer to comply with the requirements of a state statute is prima facie evidence that he or she did not act in good faith." While we can hypothesize situations in which the failure on the part of a requesting officer to provide pertinent information in an affidavit accompanying a search warrant request would preclude that officer from claiming good faith in the execution of an invalid warrant, the circumstances in this case do not present one of these particular situations. Although the affiant in this case failed to include required information in the search warrant request, the information required for statutory noncompliance with the knock-and-announce statute was known to the officer at the time he requested the no-knock warrant. The affiant officer then executed the no-knock warrant based upon this information and the magistrate's grant of the no-knock warrant. This situation differs from one in which an officer requests and executes a no-knock warrant without having any justification for the request. Since the officer in this case had knowledge of circumstances that warranted statutory noncompliance with the knock-and-announce requirement prior to requesting the no-knock warrant, it is not prima facie evidence that his failure to comply with the requirements of the statute indicates he did not act in good faith in executing the warrant.
 {¶ 16} Having found merit with the State's first assignment of error, we reverse the ruling of the Common Pleas Court of Seneca County and remand the cause for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 CUPP, J., concurs.
 ROGERS, J., concurs in judgment only.