DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Huron County Court of Common Pleas, which denied appellant's motion to suppress evidence pursuant to Crim.R. 41(D). For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appellant, George Vanek, sets forth the following single assignment of error: *Page 2 
 {¶ 3} "The trial court erred to the prejudice of Defendant-Appellant in denying his motion to suppress evidence, where such evidence was obtained through an unreasonable search of Appellant's home, in violation of his rights under the U.S. and Ohio Constitutions."
 {¶ 4} The following undisputed facts are relevant to the issues raised on appeal. On July 8, 2006, Captain Robert McLaughlin of the Huron County Sheriffs Office and the METRICH drug task force executed a search warrant on the home of appellant. The search warrant was properly authorized by Judge John S. Ridge of the Norwalk Municipal Court earlier that day. The search warrant allowed Captain McLaughlin and his team to search appellant's apartment for crystal methamphetamine and other drug paraphernalia and seize what was found. Appellant does not dispute the validity of this document.
 {¶ 5} On September 21, 2006, appellant filed a motion to suppress the evidence found during the execution of the search warrant. Appellant asserted that he was improperly served with a copy of search warrant. He argued that Captain McLaughlin did not allow him to hold or read the search warrant. In support, appellant claims that he was given no more than ten seconds to glance at the document.
 {¶ 6} On September 28, 2006, an evidentiary hearing was held. At the hearing, Captain McLaughlin testified that he allowed appellant at least 30 seconds to review the command portion of the search warrant. Captain McLaughlin further testified that he left a copy of the command warrant on the couch in appellant's apartment. After hearing the *Page 3 
testimony of both appellant and Captain McLaughlin, the trial court determined that appellant's testimony regarding the events was not credible. In weighing the credibility of the two differing accounts, the court noted that appellant, by his own admission, was "extremely high" at the time the warrant was executed.
 {¶ 7} The trial court determined that even if there had been technical violations in serving appellant with the search warrant, these violations did not compromise appellant's constitutionally protected rights. On September 29, 2006, the trial court denied appellant's motion to suppress. On October 2, 2006, appellant pled no contest to both illegal manufacturing of methamphetamine and possession of methamphetamine. Appellant filed a timely notice of appeal.
 {¶ 8} In support of his appeal, appellant relies exclusively upon an issue of fact. At a suppression hearing, the trial court assumes the role of trier of fact. The trial court "is in the best position to resolve questions of fact and evaluate witness credibility." State v.Dixon (2001), 141 Ohio App.3d 654, 658, citing State v. Carter (1995),72 Ohio St.3d 545, 552.
 {¶ 9} Appellant alleges that his rights under both the United States and Ohio Constitutions were violated. The Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution have been held virtually identical and coextensive by the Supreme Court of Ohio. State v. Geraldo (1981), 68 Ohio St.2d 120, 125-126. *Page 4 
 {¶ 10} Crim.R. 41(D) provides for two methods of service of a search warrant. Either a copy of the search warrant can be given to the person from whose premises property is seized, or a copy of the search warrant can be left at the place from which the property was taken.
 {¶ 11} Captain McLaughlin testified that he showed appellant the command portion of the search warrant for at least 30 seconds. Captain McLaughlin also testified that, after appellant's home was searched, he left the warrant in appellant's apartment, on appellant's couch. Appellant contends that this was not the case. He argues that when his wife returned to the apartment four days later, she could not locate the search warrant.
 {¶ 12} The trial court determined that Captain McLaughlin was a more credible witness than appellant and was persuaded by Captain McLaughlin's testimony on the manner of the July 8, 2006 execution of the search warrant. By his own admission, appellant was "extremely high" at the time the officers searched his residence. Appellant offers no evidence that the trial court abused its discretion in making this determination.
 {¶ 13} Violations under Crim.R. 41 are classified as either fundamental or technical violations. A fundamental violation occurs when the error in execution of a warrant presents a clear constitutional violation. United States v. Stefanson (C.A.9, 1981), 648 F.2d 1231,1238. Technical violations are minor violations in execution. Even if a technical violation occurs, police must have deliberately or prejudicially violated Crim.R. 41 for a constitutional violation to occur. U.S. v. Freitas (C.A.9, 1988), *Page 5 856 F.2d 1425, 1433. Suppression of evidence is only appropriate when there is a clear constitutional violation.
 {¶ 14} Appellant presents no evidence of a clear constitutional violation. Even assuming the argument that Captain McLaughlin's manner of service somehow violated Crim.R. 41, it was a technical violation. Appellant offers no evidence to show that he was prejudiced by the manner in which the search warrant was executed. We concur with the trial court's assessment. We find that the disputed execution of the search warrant was clearly in compliance with Crim.R. 41. Appellant was not deprived of any constitutionally protected rights. The trial court properly denied appellant's motion to suppress.
 {¶ 15} Wherefore, for the reasons stated herein, we find appellant's assignment of error not well-taken. On consideration whereof, the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expenses incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 6 
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J., CONCUR. *Page 1