THE STATE OF OHIO, APPELLEE, v. ROPER, APPELLANT.

(No. 12061—Decided August 14, 1985.)

*Lynn Slaby,* prosecuting attorney, for appellee.

*Edmund M. Sawan,* for appellant.

MAHONEY, P.J. Appellant, Annistean D. Roper, appeals her conviction for attempted drug abuse in violation of R.C. 2923.02 and 2925.11. We affirm.

The following facts were before the court as a result of the hearing to suppress evidence. For some time prior to August 22, 1984, the Akron Police Department suspected Annistean Roper's husband, Johnnie, of selling heroin in the couple's home. Akron narcotics officers used a confidential informant to gather evidence and information regarding Johnnie's alleged drug trafficking. On two occasions, Sgt. Van Pelt of the Akron Police Department searched the informant, found no drugs, provided him with money and then followed him and watched him go to the Roper house. On both occasions, the informant returned with a substance believed to be heroin and said that he had purchased it from Johnnie. Sgt. Van Pelt relayed this information to his supervisor, Lt. John Lower. Lt. Lower also interviewed the informant who stated that he had seen heroin in the Roper house on several occasions and demonstrated a thorough knowledge of the characteristics and effects of heroin.

On August 22, 1984, Lt. Lower requested that the Akron Municipal Court issue a warrant. To support his request, Lt. Lower filed an affidavit fully recounting the activities of Sgt. Van Pelt as well as his own interview with the informant. Lt. Lower also swore that the substance the informant got from Johnnie Roper was heroin.

At approximately 9:00 a.m. on August 24, 1983, seven policemen approached the Roper home; four went to the back door and three to the front. The officers at the front of the house knocked, announced that they were police officers with a search warrant and ordered that the occupants open the door. No response came from inside the house and after a two-to-five-second wait the officers broke through the door and went inside. The Ropers were in the house with Ralph Cooper, a friend of theirs. A search of the house failed to turn up any heroin, but did result in the discovery of several incriminating items

including thirty-three Percodan tablets whose active ingredient, Oxycodone, is a controlled substance. Twenty-five of these tablets were found in a box inside a nightstand in the master bedroom, six more were found in a straw basket on top of the nightstand, and two were found in a prescription bottle on top of the nightstand. The identifying prescription label on this bottle was made out to Annistean Roper, but was for a different medication.

Annistean was indicted for drug abuse in violation of R.C. 2925.11. Prior to trial, Annistean moved to suppress the Percodan tablets for several reasons. A hearing was held after which the court denied Annistean's motion to suppress the tablets. Annistean then changed her plea from not guilty to no contest and was convicted of the lesser included offense of attempted drug abuse in violation of R.C. 2923.02 and 2925.11.

## Assignment of Error

"The trial court erred in overruling appellant's motion to suppress where, as here, section 2935.12 of the Ohio Revised Code was violated, the items for which appellant was charged were not listed in either the affidavit or the search warrant, the appellant was not named in either the affidavit or the search warrant, the affidavit was based on 'double hearsay', and finally, the items found, not being in 'plain view', cannot justify the search and subsequent seizure."

(A) Alleged violation of R.C. 2935.12.

R.C. 2935.12 provides in relevant part as follows:

"When * * * executing * * * a search warrant, the officer * * * may break down an outer or inner door or window of a dwelling house or other building, if, after notice of his intention to make * * * such search, he is refused admittance * * *."

Annistean argues first that the of-ficers did not knock and announce their purpose, thus making the execution of the warrant improper. At the hearing, the Ropers and Cooper testified that no knock and no announcement had been made, while the officers involved swore that they had knocked and announced their purpose. Annistean argues that Ralph Cooper was a "disinterested third party," and his testimony should be given greater weight than that of the of-ficers. Cooper's testimony is of no greater inherent weight than that of the officers. The decision as to credibility is that of the trier of fact. As such, we believe the trial court was provided with sufficient evidence to support its finding that the officers did knock and announce their purpose.

Annistean also argues that even if the officers met the knock-and-announce requirement of R.C. 2935.12, they were not refused admittance and did not wait long enough for a reply from within. All agree that, assuming there was a knock and announcement, no response came from inside the house and the officers broke in within five seconds of their announcement. While R.C. 2935.12 does require that a refusal be received before the officers may break in, the requirements need not be strictly followed if exigent circumstances exist which require otherwise. *State* v. *DeFiore* (1979), 64 Ohio App. 2d 115 [18 O.O. 3d 90]. If it appears that the evidence sought can and will be destroyed on short notice, or that compliance could place the officers in peril of great bodily harm, then the officers may deviate from strict compliance with R.C. 2935.12. *DeFiore, supra; State* v. *Hockman* (May 2, 1984), Summit App. No. 11519, unreported. As Lt. Lower's affidavit and testimony at the hearing show, heroin is easily disposed of at a moment's notice by flushing it down the toilet. To require that the officers wait a longer period of time or for an express denial of entry would afford more than enough time for the persons inside the suspect house to

dispose of any heroin present. The officers therefore acted properly under the exigent circumstances in not waiting any longer than they did to break into the Ropers' house. * * *■

Appellant's assignment of error is overruled. The judgment is affirmed.

*Judgment affirmed.*

CASTLE and TURPIN, JJ., concur.

TURPIN, J., of the Fifth Appellate District, sitting by assignment in the Ninth Appellate District.

CASTLE, J., retired, of the Twelfth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.