THE STATE OF OHIO, APPELLEE, *v.* MORGAN, APPELLANT.

(No. 10-87-5—Decided
August 24, 1988.)

*Kevin McKirnan,* law director, for appellee.

*Dennis Day Lager,* for appellant.

McBRIDE, J. In this case from the Celina Municipal Court, the appellant was found guilty on a plea of no contest to misdemeanor offenses for possession of marihuana and of diazepam and was sentenced.

Prior to the entry of the plea, the appellant filed a motion to suppress evidence for the reason that the warranted search of appellant's residence violated her rights guaranteed by the Fourth Amendment to the Constitution of the United States in three respects, represented by the three assignments of error, as follows:

"1. The search warrant was not issued by a neutral and detached magistrate.

"2. The warrant was issued without probable cause.

"3. The entry was made forcibly in violation of Section 2935.12 of the Revised Code without actual or constructive refusal."

The claims of error will be considered consistent with the numbering of the assignments of error.

1

At the commencement of the hearing on the motion to suppress before an assigned judge it was stipulated that appellant was convicted in 1984 of trafficking in marihuana, a felony of the fourth degree; that the local municipal judge who signed the search warrant was the private attorney who represented appellant in that case, and that he was her attorney between 1980 and 1984. Neither the appellant nor the local judge who represented her in the 1984 conviction testified on this subject and there are no facts as to what, if any, other activity existed during their relationship between 1980 and 1984. The single fact of significance on this assignment of error was the representation of the appellant by the local judge when he was in private practice over two years earlier.

While the situation is unusual, counsel agree that prior representation does not constitute a *per se* disqualification absent a showing that the issuing magistrate was in fact prejudiced by the prior representation. *New*

*Hampshire* v. *Mandravelis* (N.H. 1974), 325 A. 2d 794.

One who accepts judicial obligations also accepts new and additional responsibilities. In the absence of a personal or pecuniary conflict, or other conduct suggestive of bias, the presumption is that the magistrate performed his duties faithfully and according to law.

Lacking any evidence at the suppression hearing to establish or even suggest that the prior representation created any bias or prejudice in the issuance of the search warrant, appellant relies upon and argues facts relating to the validity of the warrant and asserted in the second assignment of error. Information such as acquired by a magistrate in an affidavit for a search warrant, particularly as to the past conduct of the appellant, cannot be shifted back in time to jump to the conclusion that the magistrate had improper information and that such otherwise unknown information was a source of prejudice. The defendant failed to offer evidence of any activities or of knowledge acquired by this magistrate, and not otherwise available to him in the affidavit for the search that could have affected his impartiality. Prior representation alone is insufficient. Prejudice was not demonstrated.

The first assignment of error is denied.

## 2

The second assignment of error asserts that the trial court was in error in denying her motion to suppress because the search warrant was issued without probable cause. Probable cause has been the subject of a multitude of opinions, many of which are mentioned in appellant's brief, and all of which have rather precisely defined the conditions and certainty required to establish the probabilty necessary for the issuance of a search warrant.

While there is in the affidavit for the search warrant an extended history of drug-related activities, an earlier admission by appellant that she dealt in marihuana and an anonymous tip, the meat in the affidavit appears in the fact that a few days earlier an informant under the control of the officers made a buy of marihuana from appellant at her residence. The buyer carried a recorder which confirmed the sale and the identity of the appellant when the affiant listened to it. The recording was destroyed to protect the informant.

The trial court found that there was a total failure by appellant to demonstrate any false or misleading statement in the affidavit for the warrant or that the officers who executed the search did not do so in good faith. Appellant raised no issue on the weight of the evidence upon which the finding of the court was made. The only error asserted is one of constitutional law.

Appellant argues that the magistrate improperly relied upon appellant's reputation as recited at length in the affidavit for the search warrant. However, appellant concedes that a magistrate may properly rely upon a police officer's knowledge of the criminal reputation of a suspect. While knowledge of such circumstances does not constitute probable cause for a search, it is a proper consideration along with other facts recited in the affidavit.

We are inclined to agree that there is no conflict between the "substantial basis" test and the "totality of the circumstances" test in determining probable cause for a search. The first refers to the substance of what must be established and the second to the scope of the evidence in the affidavit offered to support the search. Applying both tests we find no error in this case.

Where a controlled buy has been made just prior to a request for a search warrant, it is a proper conclu-

sion that the shelves of the seller are not bare and that the same substance is available for sale to another. This is particularly true where one has a reputation for continuous drug activities.

While we affirm the finding of the trial court as to probable cause, it is significant that such finding included an additional determination that the search by the officers was executed in "good faith." *United States* v. *Leon* (1984), 468 U.S. 897.

The second assignment of error is without merit.

### 3

Despite the language of the third assignment of error, which reaches to the Constitution of the United States, this claim of error was argued upon R.C. 2935.12, which provides, in part: "When * * * executing * * * a search warrant, the officer * * * may break down an outer or inner door or window of a dwelling house or other building, if, after notice of his intention to make * * * such search, he is refused admittance * * *."

The issue is a factual one arising in the execution in good faith of a valid search warrant. We have not been rewarded with the Ohio authority on the refusal of Ohio to extend the exclusionary rule to its own statutes; however, in view of our finding in support of the judgment of trial court, we pass on to a consideration of the factual issue: Was there an actual or constructive refusal of admittance by appellant?

The search team was organized by Deputy Nick Schulze who approached the door of the residence alone. He was accompanied by others, including a neutral witness, located at distances, variously described, from Schulze. Schulze testified he knocked on the door on three separate occasions. At the first, he made two or three raps on the door but did not announce his pur-

pose. He heard no response. Several seconds later, he knocked again, two or three times, and announced his purpose in a loud voice, saying he had a search warrant. This time he heard a response: "Just a minute." Right after this Schulze knocked a third time, telling appellant to open the door. Again, he heard a response, telling him to wait. At this point he entered because he did not want to give appellant the opportunity to dispose of any drugs. The appellant substantially confirms this narration. She was in her bedroom on the first floor, completely undressed, when she heard the first knock. She said "just a minute" twice after hearing something said at the door. Her testimony is that she did not hear what was said "clearly." When Schulze entered he found appellant lightly clothed and holding a tray containing marihuana.

In considering the totality of the circumstances other relevant factors are significant. Appellant admitted that a search warrant was served on her in the past. Deputy Schulze was familiar with appellant's prior criminal experiences with drugs and with the police. He recognized he was not dealing with an amateur and in our opinion he was justified in acting accordingly. Telling the police officers to wait under these circumstances was a constructive, if not an actual, refusal to admit.

While there were variances and a few contradictions in the evidence, there is sufficient, credible testimony in this case to prevent this court from disturbing the judgment of the trial court that R.C. 2935.12 was complied with and that the search was conducted in a reasonable manner and within constitutional guidelines. *State* v. *Roper* (1985), 27 Ohio App. 3d 212, 27 OBR 252, 500 N.E. 2d 353.

The third assignment of error is denied.

*Judgment affirmed.*

EVANS and SHAW, JJ., concur.

ROBERT L. MCBRIDE, J., retired, of the Second Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV of the Ohio Constitution.