The STATE of Ohio, Appellant,

v.

AMUNDSON, Appellee.

[Cite as *State v. Amundson* (1996), 108 Ohio App.3d 438.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

No. CA95-07-043.

Decided Jan. 22, 1996.

*Donald W. White,* Clermont County Prosecuting Attorney, and *David Henry Hoffman,* Assistant Prosecuting Attorney, for appellant.

*Gregory Chapman,* for appellee.

POWELL, Judge.

On December 14, 1994, defendant-appellee, Joseph A. Amundson, was indicted by the Clermont County Grand Jury on one count of drug abuse and one count of trafficking in drugs in violation of R.C. 2925.11 and 2925.03(A)(2).

On March 2, 1995, appellee filed a motion to suppress evidence, alleging that a search warrant for his home was unconstitutionally executed in violation of R.C. 2935.12, Ohio's "knock and announce" statute. After a hearing on April 12, 1995, the trial court granted the motion to suppress evidence because it found that police violated the knock-and-announce requirements of R.C. 2935.12. The state now appeals, setting forth the following assignment of error:

"The trial court erred to the substantial prejudice of the state of Ohio by granting the defendant's motion to suppress evidence."

The state argues that the "knock and announce" procedure set forth in R.C. 2935.12 was properly followed. R.C. 2935.12 provides, in part, as follows:

"(A) When making an arrest or executing an arrest warrant or summons in lieu of an arrest warrant, or when executing a search warrant, the peace officer, law enforcement officer, or other authorized individual making the arrest or executing the arrest or summons may break down an outer or inner door or window of a dwelling house or other building, if, after notice of his intention to make the arrest or to execute the warrant or summons, he is refused admittance, but the law enforcement officer or other authorized individual executing a search warrant shall not enter a house or building not described in the warrant."

The record indicates that three police vehicles pulled into appellee's driveway: a black and white twelve-passenger van marked with a light bar and a thirteen-inch diameter seal bearing the designation "Sheriff" on the side and back, a marked sheriff's patrol car, and an unmarked police car. Upon their arrival, seven to ten police officers, shouting "deputy sheriff, search warrant," ran to

various positions around the house. The police officers included drug unit officers wearing ski masks and caps indicating "Deputy Sheriff," deputies of the sheriff's department wearing standard uniforms, and members of a "S.W.A.T." team wearing helmets, goggles and jackets with "Deputy Sheriff" written across the chest with five-inch yellow letters.

The officers continued to shout their notice after they assumed their positions around appellee's house. Deputy Sheriff Christopher Heist testified at the hearing on the motion to suppress that when he arrived at appellee's home, he "pounded" on the casement of an outer storm door "about as hard as [he] could hammer on it," while continuing to shout his notice "about as loud as [he] could," until all of the members of the sheriff's department were in place around appellee's home. Heist testified that after hearing no response from the occupants inside, he tried to open the storm door and found that it was locked. Heist, acting upon a "constructive refusal to admit," then applied a pry bar in an attempt to open the storm door. See *State v. Castillo* (June 17, 1988), Wood App. No. WD–87–44, unreported, 1988 WL 62988.

The record indicates that during this time other members of the sheriff's department were still screaming "search warrant, Sheriff's Office." Heist eventually succeeded in prying the storm door open on his third attempt. Heist testified that he held the storm door open with his back and began pounding on the main wooden entry door while shouting his notice. After hearing no response from the occupants inside, Heist, again acting upon a constructive refusal to admit, tried to gain access to the house through the entry door and found the door secured. Heist motioned to a fellow sheriff's deputy to apply a battering ram so that members of the sheriff's department could enter the home.

Our review of the record indicates that the sheriff's department under the facts and circumstances of this case did precisely what was required to be done as a precondition to entry as required by R.C. 2935.12. See *Miller v. United States* (1958), 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332. Accordingly, appellant's assignment of error is well taken and the judgment of the trial court granting appellee's motion to suppress is reversed and remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WALSH, P.J., and WILLIAM W. YOUNG, J., concur.