DECISION AND JUDGMENT ENTRY
This appeal comes to us from the Fulton County Court, Western Division. There, appellant was convicted of drug paraphernalia possession. Because we conclude that there was probable cause to issue a search warrant and its execution was proper, we affirm.
In the early morning hours of May 28, 1999, Fulton County sheriff's deputies executed a search warrant on the Wauseon apartment of appellant, Heidi Baker. The warrant was issued on information provided by Tracy Acevedo who told Wauseon police and later sheriff's deputies that she had been in appellant's home and observed a large quantity of cocaine secreted under a couch cushion. Acevedo also reported a large quantity of cash elsewhere in the dwelling. However, the search of appellant's home only netted some straws, a mirror and a razor blade; these items were coated with cocaine residue.
Appellant was charged with misdemeanor drug paraphernalia possession, pled not guilty and moved to suppress the items discovered in the search. Following a hearing, the trial court denied the motion. Appellant then amended her plea to no contest and was found guilty.
Appellant now brings this appeal, setting forth the following two assignments of error:
"FIRST ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED IN OVER-RULING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED FROM EXECUTION OF SEARCH WARRANT GRANTED WITHOUT PROBABLE CAUSE
 "A. CONFIDENTIAL INFORMANT WAS UNRELIABLE AND LACKED THE VERACITY NECESSARY FOR JUDGE ISSUING SEARCH WARRANT TO DETERMINE THAT PROBABLE CAUSE EXISTED TO ISSUE THE SEARCH WARRANT BASED ON THE CONFIDENTIAL INFORMANT'S INFORMATION ALONE
"SECOND ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED IN FINDING THAT POLICE OFFICERS EXECUTING A NIGHT TIME SEARCH WARRANT COMPLIED WITH THE KNOCK AND ANNOUNCE RULE IN ACCORDANCE WITH R.C. § 2935.12
 "A. WAITING TEN TO TWENTY SECONDS BEFORE USING FORCE TO ENTER RESIDENCE IN EXECUTING NIGHT TIME SEARCH WARRANT WAS UNREASONABLE UNDER THE CIRCUMSTANCES PRESENTED IN THIS CASE"
 I.
Appellant insists that the evidence seized in the search of her apartment should have been suppressed because the probable cause affidavit upon which the search warrant was based contained information which the sheriff's deputy who averred the facts knew were false or should have known were false, if not for his reckless disregard for the truth. SeeUnited States v. Leon (1984), 468 U.S. 897, 914.
Specifically, appellant contends that the judge who issued the warrant was not told that informant Acevedo had gone to appellant's home several times earlier in the evening looking for her estranged husband. Neither was the judge informed that appellant, in fact, had that same evening filed a complaint against Acevedo for harassing her. Indeed, it was this complaint that caused a Wauseon police officer to stop Acevedo's car, which eventually led to open container and driving under suspension charges being filed against Acevedo.
It was during this stop that Acevedo offered to reveal information about appellant's alleged cocaine possession in return for police dropping the traffic offenses. Had the judge been informed of these circumstances, appellant contends, he would have deemed the informant's motives suspect and, in all likelihood, not found probable cause to issue the warrant.
Appellant maintains that the failure of the sheriff's deputy who authored the probable cause affidavit to include these facts violatedLeon and, therefore, the warrant should be quashed and the evidence seized suppressed.
Attached to appellant's motion to suppress was a Wauseon police report[1] detailing the clash between appellant and informant Acevedo. However, at the suppression hearing, the deputy who swore out the probable cause affidavit denied knowledge of the report or the prior dispute. The deputy was the only witness at the suppression hearing. He testified that the Wauseon police only told him that the informant had been pulled over for traffic violations. The deputy reported that he was not aware of any enmity between appellant and Acevedo until some days later. At the conclusion of the hearing, the trial court denied the motion to suppress.
The review of a judge's or magistrate's decision to issue a search warrant is not de novo. Courts examining the issuance of a warrant are directed to, "* * * ensure that the magistrate [or judge] had a substantial basis for concluding that probable cause existed." State v.George (1989), 45 Ohio St.3d 325, paragraph two of the syllabus. Reviewing courts are further instructed to afford great deference to the judge's or magistrate's decision. Doubtful or marginal cases should be resolved in favor of upholding the warrant. Id., following Illinois v.Gates (1983), 462 U.S. 213.
Probable cause exists where, after considering such factors as the veracity of the source of the information and the basis of his or her knowledge, the judge or magistrate concludes that the totality of the circumstances suggest a fair probability that contraband or evidence of a crime will be found in a particular place. State v. Swearingen (1999),131 Ohio App.3d 124, 128.
In making the probable cause analysis some weight is to be afforded information provided by a previously reliable source or an "honest citizen" who reports criminal activity. Gates at 233. Even if the judge or magistrate harbors some doubt as to an informant's motives, the informant's explicit and detailed description of alleged wrongdoing, coupled with a statement that such wrongdoing was observed firsthand, is entitled, "* * * greater weight than might otherwise be the case." Id.
at 234.
In this matter, there was no evidence that the omission of the informant's dispute with appellant was deliberate or with reckless disregard for the truth. The deputy affiant testified that he was simply not informed of the dispute by Wauseon police. With respect to the tip itself, the deputy testified that Acevedo's information was detailed and reportedly based on firsthand observation. Additionally, the deputy reported that he had received prior anonymous tips about drug activity at appellant's apartment. Given this, we must concur with the trial court. The search warrant was properly issued. Accordingly, appellant's first assignment of error is not well-taken.
 II.
In her second assignment of error, appellant insists that the evidence seized in her home should have been suppressed because police failed to follow Ohio's "knock and announce" rule articulated in R.C. 2935.12. At the suppression hearing, the sheriff's deputy who executed the search warrant on appellant's apartment testified that the officer went to the apartment at 6:20 a.m., knocked on the door three or four times, announced the search warrant, waited "ten to twenty seconds," then kicked in the door.
R.C. 2935.12 provides, in material part:
 "(A) When making an arrest or * * * when executing a search warrant, the peace officer, law enforcement officer, or other authorized individual making the arrest or executing the warrant * * * may break down an outer or inner door or window of a dwelling house or other building, if, after notice of his intention to make the arrest or to execute the warrant * * *, he is refused admittance, * * *."
The statute requires that an officer be either patently or constructively refused entry into a dwelling before forcing entry. Statev. Roper (1985), 27 Ohio App.3d 212, 214. However, it has been held that if it appears that the evidence sought by the warrant might be destroyed on short notice, strict compliance is not required. State v. Defiore
(1979), 64 Ohio App.2d 115, 117.
The deputy in this matter testified that cocaine, which was the subject of this search, might be disposed of easily and quickly. In such circumstances, it has been held that a period as short as five seconds between the "knock and announce" and breaking in a door complied with the statute. Roper at 213. Consequently, we cannot say that the trial court erred in ruling that a wait of between ten and twenty seconds complied with the statute. Accordingly, appellant's second assignment of error is not well-taken.
On consideration whereof, the judgment of the Fulton County Court, Western Division, is affirmed. Costs to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ James R. Sherck, J.
 Melvin L. Resnick, J., Mark L. Pietrykowski, J., CONCUR.
[1] The Wauseon police report was never introduced into evidence. The trial court, nevertheless, ruled on appellant's motion as if the report was properly before it. As appellee has failed to raise this foundational question in its response to this appeal, we shall also consider appellant's concerns on the merits.