The STATE of Ohio, Appellee,

v.

STUBER, Appellant.

[Cite as *State v. Stuber,* 150 Ohio App.3d 200, 2002-Ohio-6309.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–02–20.

Decided Nov. 21, 2002.

Anthony L. Geiger, City Law Director, for appellee.

Kevin J. Stotts, for appellant.

HADLEY, Judge.

{¶ 1} On July 14, 2001, two deputies from the Allen County Sheriff's Department went to the home of the defendant-appellant, Michael W. Stuber, to execute a bench warrant for a misdemeanor traffic offense. The officers encountered the appellant in his driveway. Stuber observed the two officers but nevertheless proceeded towards his side door. One of the deputies advised the appellant to remain where he was, but he continued towards the door. At that point, the officers told the appellant to stop and stated that they had a warrant. Ignoring the officers, the appellant continued into his residence, slamming and locking the door behind him. The deputies forced the door open and one of them seized the appellant by the left wrist. He continued to pull away from the officers, even as they repeatedly ordered him to stop resisting. Finally, the appellant was forced to the ground and his right arm was secured. He was placed in custody, *Mirandized,* and taken to jail.

{¶ 2} The appellant was charged with one count of resisting arrest and one count of obstructing official business, the latter of which was subsequently dropped. He was arraigned on July 16, 2001. On February 25, 2002, the appellant filed a motion to dismiss, along with a supporting memorandum alleging that his constitutional rights had been violated. The trial court denied the appellant's motion at a March 1, 2002 hearing, at which time he entered a plea of

no contest to the charge of resisting arrest, a violation of R.C. 2921.33(A). The appellant was sentenced to pay court costs and to spend 30 days in the Allen County Jail, with credit for 17 days served. He now brings the instant appeal, asserting one assignment of error for our review.

## ASSIGNMENT OF ERROR

{¶ 3} "The trial court erred to the prejudice of the appellant herein, by denying appellant's motion to dismiss and by permitting the admission of evidence against appellant which was obtained in violation of his rights afforded by the Fourth, Fifth, and Fourteenth Amendment[s] to the United States Constitution and Article I, Section[s] 14 and 10 of the Constitution of the State of Ohio."

{¶ 4} Notwithstanding his lengthy assignment of error, the appellant essentially argues that his constitutional guarantee against unreasonable searches and seizures was violated because the officers committed an unlawful forced, warrantless entry into his home. We disagree with the appellant.

{¶ 5} We note at the outset that the appellant was arraigned for the incident in question on July 16, 2001, and did not file his motion to dismiss until February 25, 2002. Crim.R. 12(D) requires that all pretrial motions be made within thirty-five days after a defendant's arraignment or seven days before trial, whichever date is earlier. However, the rule also allows the trial court to extend this time in the interest of justice. Because the trial court did not address the issue of timeliness, we assume that the appellant's time for filing was extended and proceed to the merits of his argument.

{¶ 6} The appellant does not dispute that the officers were acting pursuant to a valid bench warrant. It is well settled that where they knock and announce themselves but are denied admittance, police acting pursuant to a valid warrant are permitted to forcibly enter a suspect's house.[1] Specifically, R.C. 2935.12, which describes what is commonly known as the "knock and announce" rule, provides:

{¶ 7} "(A) When making an arrest or executing an arrest warrant or summons in lieu of an arrest warrant, or when executing a search warrant, the peace officer, law enforcement officer, or other authorized individual making the arrest or executing the warrant or summons may break down an outer or inner door or window of a dwelling house or other building, if after notice of his intention to

---

1. *State v. Amundson* (1996), 108 Ohio App.3d 438, 440, 670 N.E.2d 1083; *State v. Morgan* (1988), 55 Ohio App.3d 182, 185, 563 N.E.2d 307.

make the arrest or to execute the warrant or summons, he is refused admittance
* * *"

{¶ 8}   If the provisions of this statute are not followed, the search may be constitutionally unreasonable and the results of the search may be suppressed.[2] Notwithstanding the fact that he conceded at his plea hearing that the officers stated their purpose to him *before* he entered his home, the appellant alleges that the officers actions were unreasonable because they failed to repeat this announcement after he entered his home, prior to forcing open his door.   Although the appellant now posits the possibility that he did not hear the officers, by pleading no contest to the facts entered at the plea hearing he has essentially admitted that the officers announced their purpose but that he nevertheless entered his home and locked the door.[3]   However, examination of the recitation of facts at the plea hearing also reveals that the officers never knocked on the appellant's door or restated their purpose, nor did they afford the appellant an opportunity to admit them.

{¶ 9}   We decline to make a determination regarding the reasonableness of the officers' actions.   Rather, we assume arguendo that the officers did indeed fail to follow the mandates of R.C. 2935.12(A).   Our analysis is not complete, however, because the Fourth Amendment, as it applies to the states through the Fourteenth Amendment, permits warrantless, nonconsensual entry into a suspect's home where certain exigent circumstances exist.[4]

{¶ 10}   The Fourth Amendment to the United States Constitution protects citizens' right "to be secure in their persons, houses, papers, and effects, against unreasonable searchers and seizures."   Its paramount purpose is to protect against warrantless intrusion into private homes by government agents for search and seizure purposes.[5]   There are, however, several exceptions to this general prohibition.   Of particular relevance here is the "hot pursuit" exception. In *Warden v. Hayden,* the Supreme Court of the United States recognized the right of police, who had probable cause to believe that an armed robber had entered a house a few minutes before, to make a warrantless entry to arrest the robber and to search for weapons.[6]

---

**2.** *State v. Valentine* (1991), 74 Ohio App.3d 110, 113, 598 N.E.2d 82.

**3.** See Crim.R. 11(B)(2).

**4.** *Payton v. New York* (1980), 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639.

**5.** *United States v. United States Dist. Court for the E. Dist. of Michigan* (1972), 407 U.S. 297, 313, 92 S.Ct. 2125, 32 L.Ed.2d 752.

**6.** *Warden v. Hayden* (1967), 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782.

{¶ 11} Hot pursuit "need not be an extended hue and cry 'in and about [the] public streets.' "[7] Furthermore, the court has held that a suspect may not evade arrest simply by fleeing pursing officers within the sanctuary of his or her private home.[8] The Ohio State Supreme Court made explicit in *Middletown v. Flinchum* that this rule applies not only to felonies but equally to cases involving misdemeanor offenses.[9] According to the court, to hold otherwise "would create the illusion that flight from police officers is justified and reasonable as long as no felony offense has been committed."[10]

{¶ 12} In the instant case, officers arrived at the appellant's home to execute a bench warrant on a traffic offense. Upon spotting the officers, the appellant entered his home, locking the door behind him, despite continual admonishments from the officers to stay where he was. Clearly, the appellant attempted to evade arrest by hiding inside his residence with the door locked. Accordingly, we find that the deputies were engaged in a true hot pursuit of the appellant and, as such, were justified in entering his home via force in order to arrest him.

{¶ 13} Accordingly, the appellant's assignment of error is not well taken and is hereby denied.

{¶ 14} Having found no error prejudicial to the appellant, in the particulars assigned and argued, we hereby affirm the judgment of the trial court.

Judgment affirmed.

SHAW, P.J., and THOMAS F. BRYANT, J., concur.

---

7. *United States v. Santana* (1976), 427 U.S. 38, 43, 96 S.Ct. 2406, 49 L.Ed.2d 300.

8. Id.

9. (2002), 95 Ohio St.3d 43, 765 N.E.2d 330.

10. Id. at 44, 765 N.E.2d 330.