This cause was heard upon the record in the trial court. Each error Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Tony D. Smith has appealed from his convictions in the Summit County Court of Common Pleas for possession of cocaine with a major drug offender specification, illegal manufacture of drugs, having a weapon under a disability, and illegal use or possession of drug paraphernalia. This Court affirms.
 I. {¶ 2} In December 2001, Appellant was indicted on the following counts: 1) possession of cocaine, in violation of R.C. 2925.11(A), with a major drug offender specification pursuant to R.C. 2941.14.10; 2) illegal manufacture of drugs, in violation of R.C. 2925.04(A); 3) possession of cocaine, in violation of R.C. 2925.11(A); and 4) having a weapon under a disability, in violation of R.C. 2923.13(A)(3).
 {¶ 3} Appellant moved to suppress certain evidence seized as the result of an entry and search of a residence by police. In the motion, Appellant argued that police officers failed to provide notice of their intent to enter the premises and execute a search warrant, in violation of the "knock and announce" rule codified at R.C. 2935.12(A). Appellant requested the trial court to exclude certain statements made to police, as well as cocaine, scales, drug paraphernalia, and currency obtained as a result of the "no-knock" entry.
 {¶ 4} The trial court held a hearing on the motion to suppress in February, 2002. During the hearing, counsel for Appellant and Appellant's co-defendant[1] elicited testimony from police officers that two separate doors opened onto the porch of the residence for which the officers had obtained a search warrant. Based on this testimony, Appellant argued that the officers failed to identify with sufficient particularity in the warrant the premises to be searched. At the conclusion of the hearing, the trial court granted Appellant and the state time to submit supplemental briefs on the issue of whether the location to be searched was properly identified in the warrant. Each party submitted a supplemental brief, and the trial court thereafter denied the motion to suppress.
 {¶ 5} The case proceeded to trial, after which a jury found Appellant guilty of illegal manufacturing of drugs, having a weapon under a disability, illegal use or possession of drug paraphernalia, and two counts of possession of cocaine. The trial court then found Appellant guilty of the major drug offender specification attached to one of the counts of possession of cocaine, and sentenced, Appellant. Appellant has timely appealed, asserting four assignments of error.
 II. Assignment of Error Number One {¶ 6} "TRIAL COURT ERRED IN SUSTAINING THE VALIDITY OF THE SEARCH WARRANT IN THAT THE LEON EXCEPTION TO THE EXCLUSIONARY RULE WAS INAPPLICABLE WHERE THE AFFIDAVIT DID NOT STATE WITH PARTICULARITY THE PLACE OR PERSON TO BE SEARCHED DESPITE KNOWLEDGE OF THE AFFIANT, CONTAINED GENERAL BOILER PLATE STATEMENTS, THE AFFIANT WITHHELD FACTS FROM THE MAGISTRATE SUPPORTING THE STATEMENTS AND THEREFORE THE OFFICER'S RELIANCE ON THE AFFIDAVIT WAS NOT REASONABLE."
 {¶ 7} In his first assignment of error, Appellant has argued that the trial court erred in denying his motion to suppress because the search warrant executed by police officers did not state with sufficient particularity the location or the persons to be searched. Appellant has further contended that the evidence was not admissible pursuant to any "good faith" exceptions to the exclusionary rule, because one of the officers intentionally withheld information from the magistrate in the affidavit requesting the warrant. Specifically, Appellant has maintained that the officer failed to disclose to the magistrate that the location described in the affidavit was a multi-unit dwelling, and police only had probable cause to search one of the units.
 {¶ 8} An appellate court's review of a trial court's ruling on a motion to suppress evidence presents a mixed question of law and fact.State v. Long (1998), 127 Ohio App.3d 328, 332. In a hearing on a motion to suppress, "the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v. Hopfer (1996), 112 Ohio App.3d 521,548, appeal not allowed (1996), 77 Ohio St.3d 1488, quoting State v.Venham (1994), 96 Ohio App.3d 649, 653. Accordingly, we accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger (1993), 86 Ohio App.3d 592, 594. "The trial court's legal conclusions, however, are afforded no deference, but are reviewed de novo." State v. Russell (1998), 127 Ohio App.3d 414, 416, citing Ornelas v. United States (1996), 517 U.S. 690, 698-699,116 S.Ct. 1657, 134 L.Ed.2d 911.
 {¶ 9} In its order denying Appellant's motion to suppress, the trial court did not make specific findings of fact; instead, the court's journal entry specifies that the motion is denied "for the reasons stated on the record." Consequently, we rely on the testimony transcribed from the hearing and the facts contained in the record in determining whether the trial court properly denied Appellant's motion.[2]
 {¶ 10} Initially, we must address whether the issues raised in this assignment of error — specifically, that the warrant did not identify with sufficient particularity the location or the persons to be searched — are properly before this Court. Our review of the record demonstrates that Appellant never raised in the trial court the argument that the evidence should be suppressed because the warrant did not adequately identify the persons to be searched. Consequently, this issue is deemed waived and Appellant may not raise it for the first time on appeal. State v. Bing (1999), 134 Ohio App.3d 444, 449.
 {¶ 11} The state has argued that Appellant also waived any challenge to the sufficiency of the warrant's description of the location to be searched, because Appellant raised this issue for the first time at the suppression hearing. Citing Xenia v. Wallace (1988), 37 Ohio St.3d 216, the state has argued that Appellant waived this issue by failing to raise it in his written motion to suppress, in which Appellant set forth the officers' alleged violation of the "knock and announce" rule as the only basis for exclusion. At the suppression hearing, Appellant's counsel averred that he did not include this argument in his written motion because he was unaware, until the officers testified, that the officers knew that there may have been multiple units at the address provided in the warrant.
 {¶ 12} In Xenia, the Ohio Supreme Court held that a defendant moving to suppress evidence obtained during a warrantless search or seizure must "raise the grounds upon which the validity of the search or seizure is challenged in such a manner as to give the prosecutor notice of the basis for the challenge." Xenia, 37 Ohio St.3d 216, paragraph one of the syllabus. "The prosecutor must know the grounds of the challenge in order to prepare his case, and the court must know the grounds of the challenge in order to rule on evidentiary issues at the hearing and properly dispose of the merits." Id. at 218.
 {¶ 13} Xenia did not, however, erect an absolute bar to a trial court's consideration of grounds for suppression not advanced in a defendant's initial written motion. Crim. R. 12(H) provides that a trial court may, for good cause shown, grant relief from a waiver brought about by a defendant's failure to timely raise defenses or objections, or to make requests. The rules governing pretrial motions have been interpreted as vesting the trial court with discretion to allow a defendant to orally supplement his written motion during the suppression hearing. State v.Mixner (Jan. 22, 2002), 12th Dist. No. CA2001-07-074,2002 Ohio App. LEXIS 232, at *9-10, appeal not allowed (2002), 95 Ohio St.3d 1460, citing State v. Wells (1983), 11 Ohio App.3d 217, 219-220. In Wells, the court explained that such supplementation is permissible where all the issues stem from the same or common facts and are so interrelated that concurrent disposition would be reasonable, and the prosecution would not be prejudiced thereby. Wells, 11 Ohio App.3d at 219-220.
 {¶ 14} In the case sub judice, Appellant's argument that the warrant insufficiently identified the premises to be searched raises issues common to the constitutionality of the officers' approach and "no-knock" entry while executing the warrant. The state was also not prejudicially deprived of notice of Appellant's inquiry into the validity of the warrant's description, because the court allowed each party to file a supplemental brief on this issue after the hearing, and the court thereafter denied Appellant's motion.
 {¶ 15} Moreover, a defendant challenging a warrantless search like the one at issue in Xenia need only establish the lack of a warrant and clarify that the basis of his challenge is lack of probable cause; the prosecutor then bears the burden of proof (including the burden of production and the burden of persuasion) on the existence of probable cause. Xenia, 37 Ohio St.3d 216, paragraph two of the syllabus. Where a defendant seeks to exclude the fruits of a search conducted pursuant to a warrant, on the other hand, the defendant must overcome the presumption of validity that attaches to the magistrate's initial finding of probable cause to issue the warrant. State v. George (1989), 45 Ohio St.3d 325, paragraph two of the syllabus. The likelihood that the state will be prejudiced by a defendant's failure to specify the grounds for suppression in his written motion is obviously greater where the state must prove probable cause for a warrantless search, as was the case in Xenia. In the case at bar, the state did not bear such a burden at the suppression hearing, and the state's reliance on Xenia in support of its waiver argument is accordingly less compelling.
 {¶ 16} For all the foregoing reasons, we conclude that Appellant did not waive the argument that the warrant failed to identify with sufficient particularity the place to be searched by failing to include this ground in his written motion to suppress. Nevertheless, we find that Appellant's contention that the trial court erred in denying his motion on this basis is without merit.
 {¶ 17} The Fourth Amendment to the United States Constitution
specifies that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." The procedure for obtaining a warrant is set forth at Crim. R. 41(C): "A warrant shall issue under this rule only on an affidavit or affidavits sworn to before a judge of a court of record and establishing the grounds for issuing the warrant. The affidavit shall name or describe the person to be searched or particularly describe the place to be searched[.]" R.C. 2933.23
prescribes the content of the affidavit supporting the warrant and provides, in pertinent part: "A search warrant shall not be issued until there is filed with the judge or magistrate an affidavit that particularly describes the place to be searched[.]" R.C. 2933.24(A) sets forth the requisite content of a search warrant and provides: "A search warrant shall *** particularly name or describe *** the place to be searched[.]"
 {¶ 18} A warrant's identification of the place to be searched need only contain a description "such that the officer with a search warrant can, with reasonable effort, ascertain and identify the place intended [to be searched]." Steele v. United States (1925), 267 U.S. 498, 503,45 S.Ct. 414, 69 L.Ed.757.
 {¶ 19} "[T]he determining factor as to whether a search warrant describes the premises to be searched with sufficient particularity is *** whether the description is sufficient to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premises might be mistakenly searched which is not the one intended to be searched under the search warrant." (Quotations omitted.) State v. Pruitt (1994),97 Ohio App.3d 258, 261-262.
 {¶ 20} The affidavit in support of the search warrant in the case at bar, executed by Detective Alan Jones, identifies the premises to be searched as "390 Cedar Street" in Akron, "which is a gray trimmed in red two story dwelling which faces north towards Cedar Street. The numerals `390' are located on the porch post to the west of the front door, in black numbers on the premises." The search warrant issued by the magistrate also contains the foregoing address and physical description of the premises.
 {¶ 21} There is no dispute that the premises searched by the officers pursuant to the warrant was "390 Cedar Street." At the hearing on the motion to suppress, Detective Jones, Detective Donny Williams, and Officer Jeffrey Ross each testified that two separate doors opened on to the front porch that the officers ascended to execute the warrant. Appellant has failed, however, to demonstrate any "reasonable probability" that the officers might have mistakenly entered the second door on the porch in executing the warrant for "390 Cedar Street." The only suggestion that the address of the entrance next to the one searched by the officers might also be 390 Cedar Street was Detective Jones' affirmative response to defense counsel's question: "Actually there is two residences at 390 Cedar Street? There is two units there?" On redirect examination, however, counsel for the state inquired more specifically about the detective's knowledge as to whether both doors opening onto the porch were located at 390 Cedar Street:
 {¶ 22} "Q. Now, you prepared the paperwork for this case, right?
 {¶ 23} "A. That's correct.
 {¶ 24} "Q. Okay. In the paperwork — in none of the paperwork or this search warrant is there any apartment number or anything of that nature, no unit number. Is it possible that the door next door to the one you searched has a different address of its own, perhaps 392, 388? Is that possible?
 {¶ 25} "A. Yes, that's possible.
 {¶ 26} "Q. Do you know whether or not that's the case?
 {¶ 27} "A. I am not really sure.
 {¶ 28} "Q. Is it likely that if there were apartment or unit numbers that you would have recorded that in your reports or your search warrant?
 {¶ 29} "A. Yes."
 {¶ 30} The record contains no evidence, beyond Detective Jones' speculative concession which was clarified on redirect examination, that the address of the door next to the one searched by the officers was also 390 Cedar Street. Consequently, Appellant has failed to show that the warrant's description of the location at "390 Cedar Street" included any premises other than the ones searched by the officers. The warrrant therefore described with sufficient particularity the place to be searched.
 {¶ 31} Finally, Appellant has argued that the "good faith" exception to the exclusionary rule set forth in United States v. Leon
(1984), 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677, is inapplicable because the officers withheld the fact that the location contained multiple units from the magistrate in submitting the affidavit in support of the warrant. We need not address this contention, however, because theLeon exception presumes a finding that the warrant was subsequently found to be invalid. Leon, 468 U.S. at 900; State v. Herpel (Jan. 13, 1988), 9th Dist. No. 2292, at 6. In the case at bar, we have found that the warrant comported with constitutional requirements regarding identification of the place to be searched.[3] Appellant's first assignment of error is therefore not well taken.
 Assignment of Error Number Two {¶ 32} "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE WHERE POLICE OFFICERS' [SIC] FAILED TO COMPLY WITH THE REQUIREMENTS OF THE FOURTH ANDFOURTEENTH AMENDMENTS INASMUCH AS THE STATE FAILED TO SHOW ANY EXIGENT CIRCUMSTANCES, WHICH WOULD JUSTIFY THE OTHERWISE INVALID EXECUTION OF THE SEARCH WARRANT."
 {¶ 33} In his second assignment of error, Appellant has argued that the trial court erred in denying his motion to suppress on the ground that the officers executing the search warrant failed to comply with the "knock and announce" rule codified at R.C. 2935.12. Appellant has contended that the state failed to demonstrate that exigent circumstances excused the officers' failure to knock and announce their presence before entering 390 Cedar Street.
 {¶ 34} R.C. 2935.12(A) provides: "[W]hen executing a search warrant, the peace officer, law enforcement officer, or other authorized individual *** executing the warrant *** may break down an outer or inner door or window of a dwelling house or other building, if, after notice of his intention *** to execute the warrant *** he is refused admittance[.]" "[W]hether law enforcement officers properly complied with the knock-and-announce procedures forms part of the reasonableness inquiry under the Fourth Amendment." State v. Dixon (2001), 141 Ohio App.3d 654,659-660, citing Wilson v. Arkansas (1995), 514 U.S. 927, 115 S.Ct. 1914,131 L.Ed.2d 976.
 {¶ 35} This Court has previously explained that the knock and announce requirement is not absolute, however, and may be dispensed with when law enforcement officers are confronted by exigent circumstances: "If it appears that the evidence sought can and will be destroyed on short notice, or that compliance could place the officers in peril of great bodily harm, then the officers may deviate from strict compliance with R.C. 2935.12(A)." State v. Roper (1985), 27 Ohio App.3d 212, 213.
 {¶ 36} "In order to justify a `no-knock' entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence. *** This showing is not high, but the police should be required to make it whenever the reasonableness of a no-knock entry is challenged." Richards v. Wisconsin
(1997), 520 U.S. 385, 394-395, 117 S.Ct. 1416, 137 L.Ed.2d 615.
 {¶ 37} Detective Williams and Officer Ross testified at the suppression hearing that a black male[4] was on the porch of 390 Cedar Street as the officers pulled up in front of the address. According to their testimony, the person stood in the doorway of the residence, watching the officers exit their vehicle and approach the address. Detective Williams testified that the individual went inside the residence and slammed the door shut as the officers approached, and that Officer Ross was yelling "Police. Search warrant." The detective and the officer stated that Officer Ross struck the door three times, and each time the door swung open but immediately slammed shut again. Detective Williams testified that, based on his experience, he believed that someone was on the other side of the door pushing it closed. Finally, Officer Ross testified that he loaded a breaching shotgun and was preparing to blast the hinges off the door when the door suddenly swung wide open. The officers then entered and apprehended Appellant and seized money, drugs, and drug-related equipment.
 {¶ 38} The warrant being executed by the officers authorized them to search for and seize marijuana, cocaine, guns, and equipment used in drug trafficking. Detective Williams testified that officers had made several undercover buys of narcotics from 390 Cedar Street, and several people who were arrested upon leaving that address were found to be in possession of narcotics. Officer Ross testified that the officers executing the warrant had specific information that guns were located inside the house, and that the occupants "had the possibility for violence."
 {¶ 39} Based on the evidence adduced at the hearing, it is evident that Appellant knew the officers were approaching with the intent to enter the residence. By retreating into the dwelling and barricading the door, Appellant manifested his intent to deny the officers access to the premises. Under these circumstances, the officers' failure to knock and announce their presence did not deprive Appellant of notice of their presence or an opportunity to allow them to enter peaceably. Rather, any delay by the officers would only have permitted Appellant and other occupants of the residence to secure a weapon to resist the officers' entrance, to conceal or destroy evidence, or to flee from the premises. In light of these exigent circumstances, strict compliance with R.C. 2935.12(A) was not required, and the officers' failure to knock and announce their presence before entering the residence did not violate Appellant's Fourth Amendment rights. Appellant's second assignment of error is not well taken.
 Assignment of Error Number Three {¶ 40} "THE TRIER OF FACT CLEARLY LOST ITS WAY IN FINDING APPELLANT GUILTY OF HAVING A WEAPON WHILE UNDER DISABILITY INASMUCH AS THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE BECAUSE THE STATE FAILED TO PROVE THE ELEMENT THAT APPELLANT HAD A PRIOR CONVICTION BEYOND A CERTIFIED COPY OF A PREVIOUS JUDGMENT."
 {¶ 41} In his third assignment of error, Appellant has argued that there was insufficient evidence presented at trial from which the jury could find him guilty of having a weapon under a disability. Appellant has also contended that his conviction for having a weapon under a disability was contrary to the manifest weight of the evidence.
 {¶ 42} Crim. R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal *** if the evidence is insufficient to sustain a conviction[.]" "`[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." (Quotations omitted.) State v.Thompkins (1997), 78 Ohio St.3d 380, 386. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis sic.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4. Accordingly, we will first determine whether Appellant's convictions were against the weight of the evidence.
 {¶ 43} In determining whether a conviction is against the manifest weight of the evidence, this Court must:
 {¶ 44} "[R]eview the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 45} An appellate court that overturns a jury verdict as against the manifest weight of the evidence acts in effect as a "thirteenth juror," setting aside the resolution of testimony and evidence as found by the trier of fact. Thompkins, 78 Ohio St.3d at 387. This action is reserved for the exceptional case where the evidence presented weighs heavily in favor of the defendant. Otten, 33 Ohio App.3d at 340. "A conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact." Statev. Haydon (Dec. 22, 1999), 9th Dist. No. 19094, at 14, appeal not allowed (2000), 88 Ohio St.3d 1482. Additionally, it is well established that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 46} R.C. 2923.13(A) provides:
 {¶ 47} "Unless relieved from disability as provided in [R.C. 2923.14], no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
 {¶ 48} " ***
 {¶ 49} "(3) The person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse[.]"
 {¶ 50} Appellant has argued that the jury clearly lost its way in finding Appellant guilty of having a weapon under a disability, because the evidence did not establish that Appellant was under indictment for or had been convicted of a prior drug offense. R.C. 2945.75(B) sets forth one procedure for establishing a prior conviction:
 {¶ 51} "Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction."
 {¶ 52} In the case sub judice, a certified copy of a judgment entry of conviction and sentence for trafficking in cocaine and possession of cocaine for a "TONY D. SMITH aka HOME ALONE" was submitted to the jury. Appellant has contended, however, that the jury's conclusion that the defendant named in the journal entry was Appellant was against the weight of the evidence.
 {¶ 53} Our review of the record shows that Appellant stipulated to the identification of him as the defendant named in the judgment entry. After the state's first witness finished testifying and was excused and the jury was sent home for the day, the prosecutor asked counsel for Appellant if he was willing to stipulate to the identity of the defendant named in the judgment entry of the prior conviction. Appellant's counsel responded that he would like an opportunity to examine the journal entry, but "I imagine there would be no problem stipulating to his previous record."
 {¶ 54} At the conclusion of the state's case, the prosecutor moved to admit the certified judgment entries into evidence. The court then reminded counsel of the prior stipulation as to the identities of the defendants named in the judgment entries, and asked if there were any objections to the admission of the state's exhibits. Appellant's counsel argued that he intended to stipulate to the entire prior conviction element so that the jury would not be made aware of a specific prior drug offense by Appellant. The state responded that it would not stipulate to the entire prior conviction element, arguing that it was entitled to present Appellant's prior conviction to the jury as an element of the offense of having a weapon under a disability. The court then ruled that a single judgment entry of a prior conviction of Appellant was admissible to prove that element of the state's case, stating that the prior conviction is "an element of the crime. Normally that cannot be stipulated to." Appellant did not thereafter object to the admission of the judgment entry of Appellant's prior conviction on the grounds of identification. In accordance with the stipulation, the court instructed the jury:
 {¶ 55} "The Court instructs you as a matter of law that [Appellant] [has] been previously convicted of an offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse.
 {¶ 56} "Since one of the elements the State must prove for this offense, having a weapon while under a disability, is the existence of a prior drug conviction, the Court has permitted a certified copy of [Appellant's] prior drug convictions into evidence.
 {¶ 57} "Although it is admitted for this limited purpose, you may not consider it for any other purpose. Specifically, you may not use the prior conviction as evidence of guilt in this case."
 {¶ 58} After its reading of the jury instructions was complete, the court asked counsel if they had any additions, corrections, or objections. Again Appellant's counsel did not object to the instruction that, as a matter of law, Appellant had been convicted of a prior drug offense, as demonstrated by the certified copy of the judgment entry.
 {¶ 59} In light of the jury instruction pursuant to Appellant's stipulation, and the certified copy of the judgment entry of Appellant's prior conviction, the jury did not act against the manifest weight of the evidence in finding that Appellant had previously been convicted of a drug offense described in R.C. 2923.13(A)(3). Consequently, Appellant's assertion that the state did not produce sufficient evidence to support a conviction for having a weapon under a disability is also without merit. See Roberts, supra at 4. Appellant's third assignment of error is not well taken.
 Assignment of Error Number Four {¶ 60} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO REQUIRE THE STATE TO DISCLOSE THE IDENTITY OF THE CONFIDENTIAL INFORMANT IN VIOLATION OF THE SIXTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION
AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION."
 {¶ 61} In his fourth assignment of error, Appellant has argued that the trial court erred in denying his motion for an order compelling the state to reveal the identity of a confidential informant. Appellant has contended that he was denied due process of law by the court's failure to allow him to cross-examine the confidential informant, who Detective Williams testified had conducted controlled buys involving Appellant from 390 Cedar Street.
 {¶ 62} This Court will not disturb a trial court's ruling on a motion to disclose a confidential informant's identity absent an abuse of discretion. State v. Feltner (1993), 87 Ohio App.3d 279, 282. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 63} The Ohio Supreme Court set forth the circumstances under which a defendant is entitled to disclosure of the identity of a confidential informant in State v. Williams (1983), 4 Ohio St.3d 74: "The identity of an informant must be revealed to a criminal defendant when the testimony of the informant is vital to establishing an element of the crime or would be helpful or beneficial to the accused in preparing or making a defense to criminal charges." Id., at syllabus. The court explained that a request for disclosure of an informant's identity requires a case by case balancing of the accused's right to confront his accusers and cross-examine the witnesses against him, and the protection of citizens who communicate their knowledge of the commission of crimes to law enforcement officials. Id. at 75-76. Thus, when an informant's degree of participation is such that he is essentially a witness for the state, the balance tilts in favor of disclosure. Id. at 76. Where disclosure would not be helpful or beneficial to the accused, on the other hand, the identity of the informant need not be disclosed. Id. The defendant bears the burden of establishing the need for disclosure. Statev. Parsons (1989), 64 Ohio App.3d 63, 69.
 {¶ 64} In the case at bar, Appellant has argued that he was entitled to know the identity of a confidential informant who Detective Williams testified made controlled buys of narcotics involving Appellant at 390 Cedar Street. However, this testimony was only elicited in response to the prosecutor's inquiry of the detective on redirect examination as to why Appellant was a target of the investigation. The trial court ruled, and we agree, that Appellant opened the door to this line of questioning by asking Detective Williams on cross-examination about the officers' use of confidential informants, and suggesting that Appellant was unfairly singled out for prosecution. The court thereafter did not allow further questioning about Appellant's involvement with any confidential informants.
 {¶ 65} Moreover, Appellant has failed to show that disclosure of the informant's identity would have been helpful or beneficial to his defense. The charge of drug trafficking against Appellant's co-defendant was dismissed, the state averred, so that the informant's testimony would not be necessary to establish an element of any offense at trial. The issue before the court was therefore whether Appellant was guilty of possession of cocaine, illegal manufacturing of drugs, and having a weapon under a disability. Appellant has not demonstrated that knowledge of the confidential informant's identity, cross-examination of the informant, or an in camera hearing with the informant would have assisted his defense against those charges. A defendant's mere assertion that disclosure is necessary is insufficient to show that the informant's testimony would be helpful in preparing a defense. Feltner, 87 Ohio App.3d at 282. Accordingly, the trial court did not abuse its discretion in denying his motion for disclosure of the informant's identity. Appellant's fourth assignment of error must fail.
 III. {¶ 66} Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
SLABY, P J. CONCURS.
CARR, J. CONCURS IN JUDGMENT ONLY.
[1] The motion to suppress was jointly filed by Appellant and his co-defendant Omondo Varner; separate counsel represented each defendant at the hearing and at the trial.
[2] The state moved to supplement the record with an excerpt from a transcript of proceedings that the state averred was from the court's ruling on Appellant's motion to suppress. However, the state failed to file a copy of the excerpt certified by the official court reporter in compliance with this Court's December 19, 2002 order, and the excerpt is therefore not a part of the record on appeal.
[3] We do not interpret Appellant's assertions that the officers withheld information from the magistrate as a separate ground for suppression, as Appellant never argued at the trial court that the warrant was constitutionally defective on this basis. In order to attack the presumption of validity that attaches to an affidavit supporting a search warrant, a defendant must make "a substantial preliminary showing of a knowing, intentional, or reckless falsity" supported by a specific offer of proof. State v. Roberts (1980), 62 Ohio St.2d 170, 178, certiorari denied (1980), 449 U.S. 879, 101 S.Ct. 227, 66 L.Ed.2d 102. Appellant did not even assert in the court below that Detective Jones perpetrated such a falsity, let alone produce a "substantial preliminary showing" thereof supported by a specific offer of proof.
[4] Detective Jones testified that he recognized the individual on the front porch as, Appellant.