DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant Ra Aku Ensehusih appeals from the Wayne County Court of Common Pleas, which denied his motion to suppress evidence. We affirm.
 I. {¶ 2} At 11:30 p.m. on August 12, 2004, several police officers convened outside Mr. Ensehusih's home to execute a search warrant. Upon arrival, however, the officers discovered a man standing outside the doorway. The officers approached the man, identified themselves, and after a brief exchange, the officers secured him — forcibly placed him face down on the ground — before proceeding to execute the warrant. Due to the commotion and delay involved in subduing the man, the officers anticipated that Mr. Ensehusih had been alerted to their presence, and therefore, broke in the door rather than knocking and awaiting a response. The warrant did not contain a waiver of the knock and announce requirement.
 {¶ 3} The officers searched Mr. Ensehusih's home and discovered drugs. Mr. Ensehusih was arrested and charged with possession in violation of R.C. 2925.11, a fourth degree felony. Mr. Ensehusih moved to suppress the evidence, and the trial court denied the motion. Mr. Ensehusih pled no contest, and the court accepted his plea and found him guilty. Mr. Ensehusih appealed the denial of the motion to suppress, asserting one assignment of error.
 II. Assignment of Error
"THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE, IN VIOLATION OF APPELLANT'S RIGHTS UNDER U.S. CONST. AMEND. IV AND XIV; OHIO CONST. ART. I, SEC. 14; R.C.2935.12; AND R.C. 2933.231."
 {¶ 4} Mr. Ensehusih asserts that the trial court erred by admitting the seized evidence, in that the officers' entry into his home violated the Ohio statutes and Constitution, as well as his Fourth Amendment rights. We disagree.
 {¶ 5} A motion to suppress evidence under theFourth Amendment involves mixed questions of law and fact. Ornelas v.United States (1996), 517 U.S. 690, 696-97, 134 L.Ed.2d 911;State v. Booth, 151 Ohio App.3d 635, 2003-Ohio-829, at ¶ 12. Therefore, this Court grants deference to the trial court's findings of fact, but conducts a de novo review of whether the trial court applied the appropriate legal standard to those facts. Id. In this case, the facts are generally undisputed: a warrant was obtained, the officers subdued a man outside the home, and the officers entered the home without knocking.
 {¶ 6} The trial court relied on State v. Roper (1985),27 Ohio App.3d 212, 213, for the proposition that exigent circumstances, such as destruction of evidence or harm to the officers, may excuse strict adherence to the knock and announce rule. This is the law of this jurisdiction. See State v. Smith,
9th Dist. No. 21069, 2003-Ohio-1306, at ¶ 35; State v. Varner,
9th Dist. No. 21056, 2003-Ohio-719, at ¶ 8. As the finder of fact, the trial court found that the officers had encountered exigent circumstances, noting that the "police felt that their approach to the house had been compromised by having to remove Mr. Fields from the area by the door."
 {¶ 7} On appeal, Mr. Ensehusih contends that Roper is too broad, and that the State must make a more particularized showing of exigent circumstances to justify a trial court's denial of a motion to suppress. However, even if we were to apply a narrower rule, we could not ignore the trial court's findings: upon arriving to search the residence for drugs, the officers unexpectedly encountered an unknown person at the door; the officers were thrust into the commotion of subduing that person, which involved a verbal confrontation on Mr. Ensehusih's doorstep and a physical conflict against the wall of the house while wrestling the man to the ground; and the officers were forced to adapt and reorganize their approach under the belief that Mr. Ensehusih had been forewarned of their presence with sufficient time to destroy evidence, flee out another door, or attempt resistance that could place the officers in jeopardy. The trial court recited its findings:
"Here, the search team was confronted with an unknown individual at the door through which they planned to enter. Some noise was made in getting [the man] away from the door. The police had information that drugs were being sold from this house by the defendant and he was a convicted drug trafficker (see affidavit for search warrant). Under these circumstances, it would be reasonable for the police to believe that persons inside the house might have become alerted to their presence and would attempt to destroy evidence."
We do not find error in the trial court's conclusion that the particular facts created an exigent circumstance that justified relaxation of the strict knock and announce rule. Therefore, this Court concludes that the trial court did not err in denying the motion to suppress. Mr. Ensehusih's assignment of error is overruled.
 III. {¶ 8} Mr. Ensehusih's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J. concurs.
CARR, J. CONCURS IN JUDGMENT ONLY