OPINION
{¶ 1} This is an appeal by Appellant of his conviction and sentence of one count for Illegal Cultivation of Marijuana entered by the Holmes County Court of Common Pleas.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On November 19, 2002, a search warrant was issued by the Holmes County Court of Common Pleas to the Holmes County Sheriff authorizing the search of Appellant's residence.
 {¶ 4} Based in information acquired through a confidential informant who used to live with Appellant, the officers were warned that they should expect to find firearms in the home as well as drugs. The officers were advised that it was likely they would find marijuana and possibly LSD, ecstasy and methamphetamine. They were also informed that Appellant had a loaded pistol and hunting weapons.
 {¶ 5} In executing the search warrant, one of the officer's announced "Sheriff's Department, Search Warrant! Sheriff's Department, Search Warrant! Sheriff's Department, Search Warrant!" while knocking on the door with his foot. The officers then immediately entered the residence forcibly.
 {¶ 6} As a result of said search, a substantial amount of marijuana and an active growing operation were seized.
 {¶ 7} On December 4, 2003, Appellant was indicted by the Grand Jury on one count of Illegal Cultivation of Marijuana, in violation of R.C.2925.04(A), a third degree felony.
 {¶ 8} On December 6, 2002, Appellant was arrested.
 {¶ 9} On December 9, Appellant was arraigned and entered a plea of not guilty.
 {¶ 10} On January 21, 2003, Appellant filed a Motion to Suppress and same was heard before the trial court on February 7, 2003.
 {¶ 11} On March 14, 2003, the trial court denied Appellant's Motion to Suppress, finding that "the sheriff's department had good cause to believe that during the execution of a warrant the defendant may be in possession of firearms that would put the executing officers' lives in jeopardy and the defendant may have had plans for the destruction of evidence." See Pretrial Order of March 14, 2003.
 {¶ 12} On April 10, 2003, Appellant changed his plea of not guilty to a plea of no contest.
 {¶ 13} The trial court found Appellant guilty and on May 23, 2003, sentenced him to a fine of $5,000 plus court costs; 180 days in the Holmes County Jail with work release; five years community control; and six months at the Stark Regional Community Correction Center.
 {¶ 14} Appellant timely appealed, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 15} "I. The holmes county court of common pleas [hereinafter "trial court"] erred in denying defendant/appellant's motion to suppress evidence seized pursuant to a search warrant issued by said court because the state violated the "knock and announce" requirement of orc 2935.12."
 I. {¶ 16} In his sole assignment of error, Appellant argues that the trial court erred in denying his motion to suppress. We disagree.
 {¶ 17} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning
(1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; Statev. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623.
 {¶ 18} In the matter presently before us, we find appellant challenges the trial court's decision concerning the ultimate issue raised in his motion to suppress. Thus, in analyzing appellant's sole Assignment of Error, we must independently determine whether the facts meet the appropriate legal standard.
 {¶ 19} Appellant argues that the execution of the search warrant in the case sub judice was not in compliance with R.C. § 2935.12, which codifies the common law "knock and announce" requirement, and provides as follows:
 {¶ 20} "(A) When making an arrest or executing an arrest warrant or summons in lieu of an arrest warrant, or when executing a search warrant, the peace officer, law enforcement officer, or other authorized individual making the arrest or executing the warrant or summons may break down an outer or inner door or window of a dwelling house or other building, if, after notice of his intention to make the arrest or to execute the warrant or summons, he is refused admittance, but the law enforcement officer or other authorized individual executing a search warrant shall not enter a house or building not described in the warrant.
 {¶ 21} "(B) The precondition for nonconsensual, forcible entry established by division (A) of this section is subject to waiver, as it applies to the execution of a search warrant, in accordance with section2933.231 [2933.23.1] of the Revised Code."
 {¶ 22} Appellee concedes and there is no dispute in the case at bar that R.C. 2935.12 and § 2933.231 were not complied with. Appellant argues that the officers did not knock and announce before entering Appellant's home, as required by R.C. § 2935.12. The officers also failed to obtain a waiver of the knock and announce requirements of R.C. § 2935.12, as authorized by R.C. § 2933.231.
 {¶ 23} In a decision by the United States Supreme Court, issued last week on December 2, 2003, the Court held that "reasonable suspicion of exigent circumstances warrants no-knock entry by police to execute search warrant, even if forced entry is required and damages to premises necessarily results." United States v. Banks (2003), ___ U.S. ___.
 {¶ 24} More specifically, the Banks court stated:
 {¶ 25} "Interval of 15 to 20 seconds, from time that police officers conducting afternoon execution of narcotics trafficking search warrant loudly knocked on apartment door until they forcibly entered after getting no response, was reasonable given exigency of possible destruction of evidence, regardless of fact that resident was in shower at time of knock and regardless of whether resident would have had time to answer door if he had heard knock; facts known to officers at time determined reasonableness of wait time, and entry was not justified based on implied refusal of entry but rather on exigency."
 {¶ 26} The relevant inquiry in the case at bar, then, is whether the search was unreasonable. All searches must be reasonable under theFourth and Fourteenth Amendments of the United States Constitution or the evidence obtained during the search is inadmissible at trial. If a search warrant is valid in all respects, then execution of the warrant pursuant to R.C. § 2935.12 is valid. State v. Valentine (May 14, 1991), Lawrence App. No. 1960, unreported, at 4. However, if the provisions of R.C. § 2935.12 are not followed, then the search must overcome constitutional concerns.
 {¶ 27} Where exigent circumstances exist, the officers conducting the search are justified in by-passing the requirements of R.C. §2935.12. State v. DeFiore (1979), 64 Ohio App.2d 115; Valentine, supra.
"Exigent circumstances" include situations where the officers believe that evidence can and will be destroyed quickly or where the announcement would place a police officer in jeopardy. DeFiore, supra, at 117, n. 1.
 {¶ 28} In the case at bar, the State asserts that exigent circumstances existed which would justify the officer's failure to comply with R.C. § 2935.12. First, the State asserts that the evidence sought to be seized, marijuana, could be destroyed quickly. Second, the State asserts that the safety of the officers would be jeopardized by following R.C. § 2935.12 because Appellant was said to possess weapons.
 {¶ 29} After reviewing the record, we find that the State demonstrated the existence of exigent circumstances that would justify the officers deviating from the mandate of R.C. § 2935.12. The State presented the testimony of two officers, Sergeant Ron Latham and Detective Roger Sprowl involved in the search. Both officers testified as to their concerns about destruction of evidence and risk of injury to themselves and the other officers. (T. at 16-17, 28-31). See State v. Southers (June 8, 1992), Stark App. No. CA-8682.
 {¶ 30} Because the State demonstrated the existence of exigent circumstances, the search at issue was reasonable under the Fourth andFourteenth Amendments. Therefore, the trial court erred in granting Appellant's motion to suppress.
 {¶ 31} Appellant's sole assignment of error is not well-taken and is denied.
 {¶ 32} The judgment of the trial court is affirmed.
Boggins, J., Gwin, P.J. and Wise, J., concur.